PHILIP M. MELLO *et al. vs.* THE BOARD OF REVIEW OF THE CITY OF NEWPORT.

FEBRUARY 8, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

44

ROBERTS, J. This petition for certiorari was brought to review a decision of the zoning board of review of the city of Newport wherein the board granted an application for a variance to the terms of the zoning ordinance of that city. Pursuant to the writ the respondent board has returned to this court the records of the proceedings before it.

It appears therefrom that Egan's Laundry & Cleaners, Inc., hereinafter referred to as Egan's, is the owner of cer-

tain real estate located at the corner of Halsey and Garfield streets designated as lot 52 on assessor's plat 9 and presently zoned for residential uses. This property was acquired by Egan's in 1958, and the building, part of which is located on lot 52, was used by that corporation in the conduct of its laundry business. The building had been used as a laundry by prior owners for many years, and such use became a nonconforming use after the enactment of the zoning ordinance by the city council. It further appears that Egan's discontinued its laundry operations in the building and has negotiated a sale thereof to P & D Transportation, Inc. subject to the condition that a variance be granted under which P & D Transportation, Inc., hereinafter referred to as P & D, would be permitted to renovate the building and convert it into a storage warehouse.

On February 27, 1961 Egan's and P & D applied jointly to the inspector of buildings for permission to renovate the building so as "to alter the same from one adapted as a laundry and to create wherein [sic] a storage warehouse." In the application the building was described as being located at the corner of Halsey and Garfield streets in Newport and on lots 165 and 52 of assessor's plat 9. On February 28, 1961 this application was denied by the inspector of buildings for the reason that such a use is not allowed in an R-10 residential district.

Thereafter, on March 3, 1961, Egan's and P & D jointly petitioned the respondent board for a variance in the application of the terms of the ordinance with respect to the property located at Garfield and Halsey streets in Newport. The variance sought was such as would permit the applicants "To renovate the building thereon to adapt it from a laundry to a storage warehouse." In this application it was stated that the building was located on lot 52 of plat 9. The omission of lot 165 from the description of the location of the building in this application is not without significance in our opinion.

An extended hearing thereon was held by the board, and considerable evidence was adduced thereat to show the extent to which the building was susceptible of conversion to any use that would be permitted under the pertinent zoning classification and as to the effect that the variance, if granted, would have on surrounding properties. Thereafter the board granted the variance by unanimous vote and in its written decision found specifically that literal enforcement of the pertinent provisions of the zoning ordinance would result in unnecessary hardship. In that decision, however, the board made other findings which, in our opinion, are significant of a misconception as to the nature of its authority to grant a variance.

The board appears to have concluded that pursuant to certain designated provisions of the Newport zoning ordinance it has jurisdiction to hear and determine "any appeal resulting from a denial by the Building Inspector of a petition for a variance." If the board so concludes, it clearly misconceives the jurisdiction conferred upon it by the provisions of G. L. 1956, §45-24-19. In subparagraph a. thereof the board is given appellate jurisdiction to hear and determine appeals from decisions of a variety of municipal officers, including a building inspector. This court has noted the powers that ordinarily are exercisable by these officers in *M. & L. Die & Tool Co.* v. *Board of Review*, 77 R. I. 443, but we are aware of no provision of law that confers jurisdiction upon a building inspector to hear and determine an application for a variance of the provisions of a zoning ordinance.

This power to vary the terms of an ordinance is conferred exclusively upon boards of review by §45-24-13 of the enabling act, and in its exercise these boards must comply strictly with the provisions of the enabling act which confer this power upon them. The pertinent provision is to be found in §45-24-19 c. wherein the legislature empowered such boards "To authorize upon appeal in specific cases such

variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." The genesis of the variance is in constitutional considerations. It was devised to permit the orderly alleviation of zoning classifications which so restrict the use of land as to become confiscatory.

In *Denton* v. *Zoning Board of Review*, 86 R. I. 219, at page 221, we said that the general assembly conferred this power to authorize variances upon boards of review intending "to vest these boards with authority to prevent the indirect taking of land without compensation by depriving the owner of all beneficial use thereof." The legislature, aware of the impact that zoning classifications may have on land ownership in peculiar circumstances, intended to entrust to an agency of its own design and creation the power to alleviate any hardship that might arise out of these peculiar situations through the granting of a variance. These agencies are the boards of review provided for in the act. Nothing in the enabling act warrants a conclusion that the legislature contemplated that boards of review would exercise this important power in accordance with the dictates or directions of the local legislatures. The power thus conferred upon the boards of review to grant variances is subject neither to enlargement nor restriction by provisions contained in local ordinances. *Noonan* v. *Zoning Board of Review*, 90 R. I. 466, 159 A.2d 606.

Our view of this matter was aptly stated in *Duffcon Concrete Products, Inc.* v. *Borough of Cresskill*, 1 N. J. 509. Referring to the powers of these boards, which in the New Jersey statute are designated as boards of adjustment, that court said at page 515: "Once the board of adjustment is provided for in the zoning ordinance, its powers stem directly from the statute * * * and may not in any way be

48

circumscribed, altered or extended by the municipal governing body. Under these circumstances, the inclusion in the zoning ordinance of a word for word recital of the statutory powers of the board of adjustment would be superfluous."

This is not to say, however, that the question as to a landowner's entitlement to a variance may not be raised before a board of review by way of an appeal from the denial by a building inspector of an application for some form of construction permit. Where an owner has applied to a building inspector for a permit and the application is denied for the reason that the proposed use is not a permitted use under the ordinance, the owner on an appeal to the board of review from that decision may raise therein the question of his entitlement to a variance. Such action, in our opinion, would properly raise this question before a board of review. It does not follow, however, that the building inspector would have authority to grant a construction permit on the ground that the applicant was entitled to a variance. There can be little doubt but that the legislature contemplated that questions as to a landowner's entitlement to a variance would be raised before boards of review by such procedure. This is evidenced by its use of the words "upon appeal" in enacting subparagraph c. of said §45-24-19.

It has been the practice of landowners, however, to bypass the building inspector and to make an original application to a board of review for a variance in instances where it appears that that officer would be compelled to deny an application for a construction permit. This variance, if granted, would then be the basis for an application for a construction permit that might subsequently be made. It appears from records certified to this court in zoning cases that this procedure is the one to which property owners usually resort. Because of this practice, which is of long standing, we must construe an application to a board for a variance to be in the nature of an "appeal" within the

meaning of that term as it is used in subparagraph c. of §45-24-19 and that such an application is also in the nature of an "appeal" as that term is used in §45-24-18, which requires the giving of notice when hearings are to be held on appeals to a board of review.

Because we take the view that an application to a board of review for a variance is an "appeal" within the meaning of that term as used in subparagraph c. of §45-24-19 and in §45-24-18, it is our opinion that the board was without jurisdiction to hear and determine the instant application. It is provided in §45-24-18 that the board of review shall set a time for hearings on such applications and give certain prescribed notice concerning the holding thereof. In *Richard* v. *Board of Review*, R. I., 129 Atl. 736, this court held that these provisions of the statute are jurisdictional and that the acquisition of jurisdiction to hear and determine such applications depends on strict compliance therewith. The statute in pertinent part reads: "The board of review shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties in interest, and decide the same within a reasonable time."

The statute requires then that notice of the hearing on the appeal be given not only to the parties in interest but to the public as well. In our opinion the statutory provisions, to the extent that they require notice to the public, are sufficiently complied with by the giving of constructive notice. However, to be sufficient, constructive notice must contain information that reveals the precise character of the relief sought by the application and the specific properties for which such relief is sought. Constructive notice that is deficient with respect to either of these aspects will not, in our opinion, subserve the purpose for which these hearings are held, that is, to assist the board to do substantial justice to an applicant while preserving the spirit of

the ordinance under consideration. *Kent* v. *Zoning Board of Review,* 74 R. I. 89.

In our opinion the constructive notice relied upon by the board in the instant case was deficient in these respects. There is in the record evidence that the building which the applicants propose to convert, if granted the instant variance, is located in part on lot 52 and in part on lot 165 of assessor's plat 9. In the application for a building permit filed with the building inspector on February 27, 1961 they stated that the building under consideration was located on the two lots to which reference is made above. However, in the application for a variance filed with the board on March 3, 1961 the location of the building proposed for conversion into a warehouse is set out as being on lot 52 only. As we hereinbefore stated, we consider the omission of lot 165 to be of substantial significance.

We have examined the advertisement which was published at the instance of the board, obviously for the purpose of giving the public notice required in the statute, and find that therein the notice is limited to an application for a variance to convert a building located on lot 52 of assessor's plat 9. It is our opinion that this advertisement is insufficient to constitute the constructive notice to the public that was contemplated by the legislature in enacting §45-24-18. See *Abbott* v. *Zoning Board of Review,* 78 R. I. 84, 88. In this state of the record we are constrained to find that the board failed to comply with the statutory provisions concerning the giving of public notice and that it therefore was without jurisdiction to hear and determine the application for a variance in the instant case.

The petition for certiorari is granted, the decision of the respondent board is quashed for want of jurisdiction, and the records in the case certified to this court are ordered

sent back to the respondent board with our decision endorsed thereon.

*Corcoran, Peckham & Hayes, William W. Corcoran,* for petitioners.

*James S. O'Brien,* City Solicitor, for respondent.