264 A.2d 923.

WILLIAM BOGGS *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF NEWPORT.

ROBERT E. CORBIN *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF NEWPORT.

MAY 6, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. These petitions for certiorari were brought to obtain a review of two decisions by the Zoning Board of Review of the City of Newport denying and dismissing the petitioners' appeals from the building inspector's action in granting a building permit which authorizes the erection of a "drive-in" restaurant, so called, on Memorial Boulevard extension. Each of the petitioners prosecuted an appeal to the board pursuant to the provisions of G. L. 1956, §45-24-16, the board being vested with jurisdiction to hear and determine such appeals by the provisions of §45-24-19 (a). The writs issued, and the pertinent records in each case have been certified to this court.

It appears from the record that on December 13, 1968, Donald O. Anderson applied for a building permit to erect a "drive-in" restaurant to be known as the "Golden Skillet" on land owned by Gerald Connell and designated as lots 78 and 79 on assessor's plat 28 of the city of Newport. The record further discloses that the application was immediately referred to the Historic District Commission of Newport, which, on December 17, 1968, approved the granting of the permit subject to some changes in the signs to be used on the building. It further appears that on December 20, 1968, a building permit numbered 382 was issued by the inspector of buildings to the applicant.

Thereafter, on December 23, 1968, Robert E. Corbin and others claimed an appeal to the zoning board of review from the decision of the building inspector to be hereinafter referred to as the Corbin appeal. In the claim of appeal the appellants allege that they are owners of several lots located on assessor's plat 28 in the city of Newport; that the property involved is located in a business district, in which "drive-in" restaurants are not a permitted use; and that they are persons aggrieved by the decision of the building inspector. The board thereupon ordered the Corbin appeal to be advertised in a Newport newspaper on January 6 and

13, 1969, and it is not disputed that this order was carried out.

On January 8, 1969, William Boggs and others filed a claim of appeal from the decision of the building inspector, hereinafter referred to as the Boggs appeal. It was therein alleged that the appellants are all the owners of property in the immediate vicinity of the proposed location of the "drive-in" restaurant; that a "drive-in" restaurant is not a permitted use in a business district; and that a "drive-in" restaurant is a use which may be permitted only by way of special exception. They further alleged that they are aggrieved by the decision of the building inspector and request that the decision be reversed and the permit revoked.

Public notice of the pendency of the hearing on the Corbin appeal as required by §45-24-18 was given by advertising such hearing in a public newspaper. The advertisement gave notice that the appeal pending involved the grant of a building permit applying to lot 79 on assessor's plat 28, no reference being made therein to lot 78. It appears from the face of the original application that it applied originally to lots 78 and 79. This entry, however, was stricken by two ink lines and the number 79 substituted therefor in what appears to be a different handwriting than that used in the preparation of the application. It is clear, then, that the board sought to comply with the notice requirement of the statute by including in the advertisement only a reference to lot 79 on plat 28. Nothing in the advertisement discloses the application of the permit to lot 78 on that same plat.

The Boggs appeal was not advertised at all by the board. In its decision dismissing the Boggs appeal filed in the office of the inspector of buildings on January 30, 1969, the board explained its failure to advertise by noting that it was dismissing it for the reason "That it was not filed in time to be included in the public notice of the Board's January 20,

1969 meeting, and that it would be an unnecessary and undue hardship on the owner of the real estate which is the subject of this appeal to require him to wait until the appeal could be advertised and heard at the Board's next meeting on February 24, 1969."

It appears that on December 23, 1968, the owner of lots 78 and 79 applied to the tax assessor to merge those lots into one lot for purposes of tax assessment. The assessor granted this application on the same day and executed a certificate indicating that lots 78 and 79 had been merged into one lot, namely, number 79, as of December 23 for assessment purposes.

At the hearing, however, the assessor testified as to this request for merger of lots 78 and 79, stating that he had executed the necessary certificate. He testified further, however, that an examination of the assessor's plat on file in the City Hall at the time of the hearing would still show that the land involved was described as lots 78 and 79 because those plats had not been revised and brought up to date by the engineering department of the city. The assessor further stated that it was not unusual for such revisions to take place as late as January or February of the following year and that, when the change did take place, it would show lot 79 as constituting what had formerly been lots 78 and 79. It is clear, then, from the record and the testimony of the assessor that as of the dates of advertising, January 6 and 13, and as of the date of the hearing, January 20, 1969, the public record to which the constructive notice referred, comprising the assessor's plat on file at City Hall, would disclose the existence of lots 78 and 79 as separate lots and that lot 79, as delineated on the plat, would not be the lot 79 to which reference was made in the advertisement.

In this court petitioner Corbin contends that respondent board was without jurisdiction to dismiss his appeal

84

from the action of the building inspector. In so arguing, he relies on *Mello* v. *Board of Review,* 94 R. I. 43, 177 A.2d 533, contending that in that case we held that the provisions of §45-24-18[1] relating to the giving of the public notice of the pendency of a hearing of an appeal are jurisdictional "* * * and that the acquisition of jurisdiction to hear and determine such applications depends on strict compliance therewith." *Id.* at 49, 177 A.2d at 536.

The petitioner, as we understand him, concedes that public notice as required by the statute is satisfied if constructive notice is given by publication in a newspaper, and it appears that in *Mello* we held sub silentio that the provisions for public notice requiring constructive notice would be satisfied by publication in the public press. The petitioner argues that the constructive notice given here is deficient in that it neither discloses the precise character of the relief sought nor the specific properties for which it is sought. Therefore, he argues, it did not serve to vest the board with jurisdiction to conduct the hearing.

In *Mello,* after noting that the requirement of the statute for public notice could be satisfied by constructive notice, we went on to say: "However, to be sufficient, constructive notice must contain information that reveals the precise character of the relief sought by the application and the specific properties for which such relief is sought." 94 R. I. at 49, 177 A.2d at 536. We intended therein to make clear our opinion that constructive notice deficient in either of these aspects would not be sufficient to establish compliance with the requirement of the statute for public notice.

With respect to the Corbin appeal, then, the prime is-

---

[1]Section 45-24-18 reads: "The board of review shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties in interest, and decide the same within a reasonable time. Upon the hearing any party may appear in person or by agent or by attorney."

sue is whether the advertisement was sufficient to identify the specific properties for which the relief was sought. Obviously the advertisements identified the property involved as lot 79 when in fact the building was to be erected on both lots 78 and 79. A member of the public examining the appropriate assessor's plat between the dates of the advertisement and of the hearing would have obtained absolutely no knowledge that lot 78 was in fact involved in the application. The mere fact that a certificate of merger had been issued by the assessor in no way informs the public of the fact that both lots were involved. This could only be determined by an examination of a revised plat showing the merger of the two lots. It is our conclusion, then, that the notice contained in the advertisement under consideration was not sufficient to constitute compliance with the statute.

We are of the opinion that the board was without jurisdiction to hear and determine the Corbin appeal and that its decision denying and dismissing that appeal was a nullity. In all the circumstances here it is our opinion that the ends of justice would best be served if the appeal were remanded to the board with instruction to again advertise the date set for a hearing thereon, such advertisement to be consistent with the requirements of the statute and in accordance with this opinion.

We turn to consider the Boggs appeal. Here the board treated this appeal as constituting a separate proceeding and refused to advertise it, apparently on the ground that it had not been filed within a reasonable time after the decision of the building inspector was entered. It is not our intention to consider the issue of whether the Boggs appeal was filed within a reasonable time, because we will not pass upon the question when the Boggs appeal can be advertised together with the Corbin appeal and heard together by the board. We likewise remand the Boggs ap-

peal to the board for advertising and hearing with the Corbin appeal.

The petition for certiorari is granted in each case, the decision of the board therein is quashed, and each case is remanded to the board with direction that the board set a date for hearing on each appeal and advertise the same in accordance with this opinion.

*Sheffield & Harvey, Brian G. Bardorf,* for William Boggs et al.; *Joseph J. Nicholson,* for Robert E. Corbin et al., petitioners.

*James S. O'Brien,* City Solicitor, *Joseph M. Hall,* Assistant City Solicitor, *Jeremiah C. Lynch, Jr.,* for respondent.