330 A.2d 402.

CORPORATION SERVICE, INC., *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF EAST GREENWICH *et al.*

JANUARY 9, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. On April 2, 1970, the original applicants, the Carlson Corporation and Techni-Rite Electronics, Inc.,[1] petitioned the East Greenwich Zoning Board for an exception or variance to the terms of the local zoning ordinance in connection with proposed construction on property situated at the southeast corner of the intersection of South County Trail and Middle Road. Specifically they sought a relaxation of the minimum parking and front yard setback requirements. When the application was granted, the remonstrants appealed to the Superior Court.

---

[1]Techni-Rite Electronics, Inc., has since been merged into Gulton Industries, Inc., which has joined in these proceedings and is the real party in interest. The Carlson Corporation is the contractor employed by Gulton Industries, Inc.

In the proceedings which followed, it appeared that the remonstrants had not received actual notice of the zoning board hearing and did not attend that hearing. In addition, the public notice thereof incorrectly identified the applicants' property as "Lot 1, Assessors' Plat 11H," whereas in fact it was only a small portion of that lot. In order to remove any doubts about the adequacy and sufficiency of the notice given, the trial justice remanded the case to the zoning board with direction to give notice of a new hearing, to reconsider its prior decision, and then to recertify the papers to the Superior Court, which retained jurisdiction.

When the trial justice later learned that there had been a substantial change in the board's membership, he ordered the board to conduct a hearing de novo and to give notice thereof in the manner provided for by the zoning ordinance. The actual notice then given to the parties in interest described the applicants' property as "Assessors' Plat 11H, Lot No. 500," which by that time was its proper description, but the published notice continued to designate the property as "Assessors' Plat 11H, Lot No. 1."

Notwithstanding this apparent defect in the public notice, the board proceeded with the hearing, allowed the applicants to withdraw their request for a deviation from the front yard setback requirements, and authorized the requested reduced number of parking spaces.

Pursuant to its retained jurisdiction, the Superior Court then reviewed those proceedings. This time the trial justice, in a carefully considered rescript, found that the public notice of the de novo hearing had not sufficiently identified the particular land to be affected, and concluded that the board therefore lacked jurisdiction to hear and determine the application. Nonetheless, the trial justice entertained

the merits,[2] found that the applicants had not established their entitlement to the relief requested, and ordered judgment to be entered for the remonstrants. We granted the applicants' petition for a writ of certiorari. *Corporation Service, Inc.* v. *Zoning Bd. of Review,* 112 R. I. 919, 310 A.2d 146 (1973).

In oral argument before us the applicants contended that because the published notice of the zoning board's de novo hearing was legally insufficient, the board lacked jurisdiction to hear the application. In their brief the remonstrants agree. They urged in oral argument, however, that while the notice given was technically deficient, that defect does not mandate reversal. To support their position, they argued that the applicants have no cause for complaint since they were not prejudiced by the faulty notice, and further that they themselves are satisfied with the Superior Court's decision and do not complain about the insufficient notice. The remonstrants' contentions ignore the settled principles that proper and adequate notice of a zoning board hearing is a jurisdictional prerequisite, and that action taken by a board which has not first satisfied the notice requirements is a nullity. *Carroll* v. *Zoning Bd. of Review,* 104 R. I. 676, 679-80, 248 A.2d 321, 323-24 (1968); *Mello* v. *Bd. of Review,* 94 R. I. 43, 49-50, 177 A.2d 533, 536 (1962). In the circumstances, neither the board's decision nor the Superior Court's judgment on the merits was legally justified.

For the reasons stated, the petition for certiorari is granted, the judgment of the Superior Court is quashed, and the records in the case are ordered remitted to the Superior Court with directon to remand to the Zoning

---

[2]Apparently, the trial justice recognized that our possible disapproval of his jurisdictional ruling would prevent a prompt final disposition of the case unless he also passed on the merits. In these and similar circumtances a like practice is recommended.

Board of the Town of East Greenwich for a de novo hearing, following notice required by law.

*Higgins, Cavanagh & Cooney, Albert D. Saunders, Jr.,* for plaintiffs-respondents.

*Hinckley, Allen, Salisbury & Parsons, Thomas D. Gidley, Stephen J. Carlotti,* for defendants-petitioners, The Carlson Corporation, Techni-Rite Electronics, Inc. and Gulton Industries, Inc.