372 A.2d 973 (1977)
David J. PAQUETTE et ux.
v.
ZONING BOARD OF REVIEW OF WEST WARWICK et al.
No. 75-285-M.P.
Supreme Court of Rhode Island.
April 19, 1977.
Butterfield, Miller & Fuyat, Joseph G. Miller, Warwick, for petitioners.
John S. Brunero, Town Sol., West Warwick, Nolan & Dailey, Peter D. Nolan, Coventry, for respondents.

OPINION
JOSLIN, Justice.
This is a petition for certiorari to review a Superior Court judgment affirming the grant of a special exception by the Zoning Board of the Town of West Warwick. By that action the board authorized Oak Development Corp. to construct three apartment buildings on two lots of land located in a residential A district. The application for relief and the public notice of the date, time and place fixed for the hearing thereon[1] correctly identified the locus of the proposed construction as Eagle Street and further as lot 736 on assessor's plat 20, but incorrectly described the other lot as 754 rather than 574. At the public hearing about 100 remonstrants were present; the petitioners, who own land abutting lot 736, were not among them. When the erroneous designation was noted, the board did not adjourn the meeting and readvertise, but stated its belief that nobody had been misled by the faulty description. Then the board corrected the error in the application on its own motion, heard the application and granted the relief sought. On appeal the Superior Court affirmed, and we granted *974 certiorari in order to determine whether the apparently innocent typographical error in the transposition of the numbers of lot 574 was a fatal jurisdictional defect. Paquette v. Zoning Bd. of Review, 115 R.I. 940, 346 A.2d 660 (1975).
It is, of course, settled that a person having an interest in a pending zoning matter must be afforded an opportunity to present facts that might shed light on the issues before the board, Perrier v. Board of Appeals, 86 R.I. 138, 144, 134 A.2d 141, 144 (1957), and that a notice properly advising the public of the date, time and place at which the application for relief is to be acted upon is a jurisdictional prerequisite. Mello v. Board of Review, 94 R.I. 43, 49-50, 177 A.2d 533, 536 (1962). The notice to be sufficient must be reasonably calculated, in light of all the circumstances, to apprise the interested parties of the pendency of the action, of the precise character of the relief sought and of the particular property to be affected, Carroll v. Zoning Bd. of Review, 104 R.I. 676, 679, 248 A.2d 321, 323 (1968), but it need not necessarily be letter-perfect. Pascalides v. Zoning Bd. of Review, 97 R.I. 364, 368, 197 A.2d 747, 750 (1964).
Whether a notice in a given case meets the tests will turn on its facts. Reference to prior cases is helpful. In Pascalides v. Zoning Bd. of Review, supra, for example, the notice of the hearing clearly and correctly identified the locus of the proposed construction as the Rosedale Apartments, Inc. at 1180 Narragansett Boulevard. In addition, one of the two lots that would be affected by the proposed construction was correctly identified as lot 1912 on assessor's plat 2/3 but the other was misdescribed as lot 3998 instead of 3898. In those circumstances, it was our judgment that the defect was "minor," "in the nature of a harmless typographical error," and " * * * not of sufficient consequence to vitiate the otherwise clear and definite identification of the particular land upon which the applicant proposed to erect a building * * *.,, Id. at 368-69, 197 A.2d at 750.
In this case, as in the Pascalides case, one of the two lots to be affected by the proposed construction was incorrectly described. Here, however, unlike the Pascalides case, the notice did not identify the Eagle Street location by a specific street number or as the situs of a particular building. It is as if in Pascalides the notice merely stated that the proposed construction would be on Narragansett Boulevard, rather than on the property of the Rosedale Apartments, Inc., at 1180 Narragansett Boulevard.
Thus, the notice in this case, although superficially similar to that in the Pascalides case, more nearly resembles those in Boggs v. Zoning Bd. of Review, 107 R.I. 80, 264 A.2d 923 (1970) and in Mello v. Board of Review, supra. In each of those cases the notice, identified only one of the two lots affected,[2] and we held those notices fatally defective because they did not contain enough information to sufficiently advise interested parties of the specific property for which relief was sought. Boggs v. Zoning Bd. of Review, supra at 84-85, 264 A.2d at 926; Mello v. Board of Review, supra, 94 R.I. at 49, 177 A.2d at 536.
We can perceive no logical reason for differentiating between the omission of lot numbers in the Boggs and Mello cases and the incorrect designation of a lot number in this case. In neither instance was the notice sufficiently clear and definite to reasonably insure that no interested person would be misled into inaction or left in doubt concerning the specific properties involved. The notice in this case, like those in the Boggs and Mello cases was fatally defective. Consequently, both the zoning board initially and the Superior Court subsequently were without jurisdiction to proceed in the matter.
The petition for certiorari is granted, the judgment of the Superior Court affirming the action of the Zoning Board of the Town *975 of West Warwick is quashed, and the papers in the case are remanded to the Superior Court with our decision endorsed thereon.
NOTES
[1] General Laws 1956 (1970) Reenactment) § 45-24-18 reads:

"Hearing of appeals of board.The board of review shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties in interest, and decide the same within a reasonable time. Upon the hearing any party may appear in person or by agent or by attorney."
[2] In Boggs v. Zoning Bd. of Review, 107 R.I. 80, 264 A.2d 923 (1970), the notice identified the property as lot 79, whereas in fact the specific properties for which the relief was sought were lots 78 and 79; in Mello v. Board of Review, 94 R.I. 43, 177 A.2d 533 (1962), the notice referred to lot 52 but not lot 165.