[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
In the matter presently before this Court, plaintiffs seek declaratory relief. Jurisdiction is pursuant to G.L. 1956 (1985 Reenactment) § 9-30-1 and 9-30-2.
FACTS TRAVEL
The parties herein have stipulated to the facts from which this dispute arises.[1] In 1986, the plaintiffs, Gary and Debra Malloy ("plaintiffs") purchased a parcel of land in Dean Estates in the City of Cranston identified as Lot 320 on Tax Assessor's Plat 16. The plaintiffs' lot abutted an unnamed street which connected South Hill Drive with Tupelo Hill Drive.
On December 5, 1986 the plaintiffs filed a petition with the Cranston City Council for the abandonment of the unnamed street. The petition indicated that the unnamed street extended from South Hill Drive to Tupelo Hill Drive and was accompanied by a plan which highlighted the street and a metes and bound description of the property. In conjunction with their petition the plaintiffs notified the only other abutters to the property, the Votolatos, who indicated their approval of the abandonment. The petition was referred to the Public Works Committee ("Committee") which, in turn, referred it to the Public Works Department, Public Utilities, Fire Department and Traffic Engineer for comment. Additionally, the Committee ordered the petition advertised for a public hearing and personal notice sent to the abutters pursuant to G.L. 1956 (1989 Reenactment) §24-6-2.
On May 15, 1987 the Committee conducted a public hearing, at which no one voiced objection to abandonment. The Committee voted to recommend abandonment subject to retention of a utility easement. On May 26, 1987 by Resolution 87-73, the Cranston City Council voted to approve the abandonment. Subsequently, the Tax Assessor designated the abandoned street as Lots 1287 and 1288 on Tax Assessor's Plat 16. The plaintiffs became owners of Lot 1287.
In 1992, in an effort to build a single-family dwelling on Lots 320 and 1287, the plaintiffs filed a petition with the City Council to confirm the abandonment of the unnamed street because its validity had been questioned by neighbors who were objecting to the construction of the house. In response, the City Council voted to re-advertise the petition and hold a public hearing on the abandonment on August 13, 1992.
The plaintiffs sought a declaration from this Court that the 1987 abandonment was effective and that they are the rightful owners of Lot 1287. On January 13, 1993 a group of individuals who are owners of property in close proximity to the parcel which is the subject matter of this action moved to intervene pursuant to R.C.P. 24(a). On April 22, 1993 this Court granted the intervenors' motion. Now before the Court is plaintiffs' action for declaratory relief.
The intervenors contend that the unnamed street was never properly abandoned and thus the plaintiffs do not hold title to Lot 1287. The intervenors argue that the metes and bounds description in the legal notice was totally defective in describing the property and gave no notice as required by G.L. 1956 (1989 Reenactment) § 24-6-2.[2]
Alternatively, plaintiffs assert that the property was properly abandoned and that despite its technical inaccuracies the notice fully described the property as to leave no doubt as to its identity. Additionally, plaintiffs contend that notice to the neighbors is not required by the statute. Finally, plaintiffs argue that even if the abandonment was invalid, the City of Cranston is estopped to assert the invalidity at this time.
THE LAW
The abandonment of property is governed by G.L. 1956 (1989 Reenactment) § 24-6-1. This statute provides the method by which a town may abandon a highway that is no longer useful to the public. G.L. 1956 (1989 Reenactment) § 24-6-2 further requires
 Every town council, before proceeding to abandon any highway . . . shall give notice to the owners of lands abutting upon any part of the highway . . . Notice shall be given by advertisement once a week for three (3) successive weeks. . . .
At issue in this case is whether plaintiffs' legal notice which contained a defective metes and bounds description was sufficient to satisfy the notice requirements of the statute. What constitutes sufficient notice is a question of fact to be decided by the finder of fact. Paquette v. Zoning Board of Review ofWest Warwick, 118 R.I. 109, 372 A.2d 973, 974 (1977). Sufficient notice is generally that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." East Greenwich Fire District v. Penn CentralCo., 111 R.I. 303, 302 A.2d 304, 315 (1973). The Code of the City of Cranston provides no insight into the form of notice that is expected preceding an abandonment hearing. Consequently, this Court must construe the notice requirement as set forth in G.L. 1956 (1989 Reenactment) § 24-6-2.
The intervenors rely on several zoning cases to support their argument that the notice was insufficient. See e.g. Boggs v.Zoning Board of Review of Newport, 107 R.I. 80, 264 A.2d 923
(1970); Mello v. Board of Review of Newport, 94 R.I. 43, 117 A.2d 533 (1962). In Boggs and Mello, the parties sought zoning variances for two parcels of land while the advertised notice required by the zoning regulation contained reference to only one parcel. In each case, the Court found the notice insufficient since by its complete omission of a reference to the second parcel it failed to put interested parties on notice. Additionally, in Paquett supra, at 974, the Court held that a typographical error transposing the numbers in a parcel number was fatally defective. The Court rested its decision on the fact that there was insufficient further description of the lot in the notice to put parties on notice as to the identity of the affected lot.
The above cases are distinguished from the case at bar in that there is further information describing the property which is the subject of the legal notice. While the metes and bounds description is admittedly defective, interested parties are further aided by a plain language description that refers to the property as "however otherwise described that strip of land fifty (50) feet in width extending from South Hill Drive to Tupelo Hill Drive." See Intervenors' Memorandum of Law in Opposition to plaintiffs' request for declaratory relief, Exhibit B. The parcel is further described as an "unnamed street." There is no evidence by either party that more than one parcel in the area would meet this further description. In fact, the intervenors point out in their memorandum that the parcel described by the metes and bounds "was actually the northerly end of South Hill Drive."Id. at 3. Clearly, that is not the "unnamed street" referred to in the legal notice.
This Court is satisfied that in view of all the circumstances, specifically, the additional description of the property as an unnamed street extending from South Hill Drive to Tupelo Hill Drive, the advertised legal notice was sufficient to put interested parties on notice as to the pendency of an action.
Because this Court has decided that the plaintiffs gave sufficient notice it is not necessary to rule on plaintiffs' assertion that the intervenors were not of the class of individuals protected by the statute. Similarly, this Court will not address plaintiffs' estoppel argument.
For the reasons set forth herein, this Court declares that Lot 1287 was properly abandoned in 1987.
Counsel shall prepare an appropriate judgment for entry.
[1] Subsequently, the Intervenors submitted a supplemental memorandum disputing their agreement to statements numbered three and eight of the "Undisputed Statement of Facts." Neither of these statements is material to the outcome of the action.
[2] The parties dispute whether the metes and bounds description describes a portion of the subject parcel or a completely different parcel. The resolution of this dispute is not material to the outcome of the action.