DECISION
Before the Court is an appeal from a decision ("Decision") of the Zoning Board of Review for the City of Newport ("Board" or "Zoning Board"), which granted the Newport Group, LLC ("Applicant" or "Appellee") several regulatory and dimensional variances and a special use permit. Appellant J. Class Management, Inc. ("Petitioner" or "Appellant"), an owner of neighboring property, seeks reversal of the Zoning Board's decision, pursuant to G.L. 1956 § 45-24-69.
 I Facts and Travel
On November 28, 2007, Applicant Newport Group, LLC filed a Revised Application for Dimensional Variance and for a Special Use Permit ("Application") with the City of Newport Zoning Board of Review, seeking relief on certain property known as Lot 15 and Lot 20. (Appellant's Ex. B.) Applicant sought a dimensional variance for the construction of a non-conforming structure on Lots 15 and 20, a regulatory variance *Page 2 
from district parking and loading space requirements, and a special use permit to alter the non-conforming structure located on Lot 15.Id.
Applicant Newport Group, LLC is solely owned by Edward W. Beckett ("Beckett") of Middletown, Rhode Island, a civil engineer and sophisticated commercial developer. (Decision at 2.) Beckett testified that prior to purchasing the property in question on February 15, 2008, he had been familiar with Newport, as he had owned other real estate in the city and had been searching for an "appropriate commercial development opportunity." Id. Beckett further testified that he had read the Newport Zoning Ordinance and had knowledge of the zoning district's requirements prior to purchasing the property. (Hr'g Tr. at 16, July 8, 2008.)
Applicant sought relief on a parcel comprised of two contiguous non-conforming lots located in Newport's Waterfront Business District at 10 Brown Howard Wharf, known as Tax Assessor's Lots 15 and 20 on Plat 32. (Appellant's Ex. B.) The Waterfront Business District prescribes a minimum lot area of 5000 square feet and a maximum lot coverage of 40 percent. See Newport Zoning Ord. § 17.56.030. Lot 15 is comprised of 16,892 square feet, and contains a single non-conforming structure and two parking spaces. (Decision at 8.) The structure located on Lot 15 is a former ice manufacturing plant of 11,446 square feet, covering 68% of the single lot. (Decision at 8; Appellant's Ex. B.) Lot 20 is a vacant, dimensionally non-conforming undeveloped lot of 3872 square feet contiguous to Lot 15. Id. Together, Lots 15 and 20 contain an area of 20,764 square feet, with frontages of approximately 167 feet on Brown and Howard Wharf and 60 feet on Lee's Wharf. (Decision at 8.) According to Applicant's calculations, the existing non-conforming structure covers 55% of the combined area of *Page 3 
Lots 15 and 20. Applicant also owns an additional adjacent non-conforming lot known as Lot 241 at 421-423 Thames Street.Id. Lot 241 is also located in the Waterfront Business District and abuts Lot 20 to the east and Lot 15 to the south. Id. Lot 241 has an area of 2938 square feet and accommodates a single structure with retail stores at street level and residential dwellings above. (Hr'g Tr. at 14, July 8, 2008.)
In its Application for relief, Applicant lists the "location of the premises" as 10 Brown and Howard Wharf, Tax Assessor's Plat 32, Lots 15 and 20. (Appellant's Ex. B; Decision at 8.) The Application sought relief to demolish the existing structure on Lot 15; build a new non-conforming structure on Lots 15 and 20; decrease the required number of parking spaces from 89 to 34; allow three parking spaces to be "stacked"; and reduce the loading space requirement from two spaces to one. Id. In its Application, Applicant proposes to construct a new, three-story 27,000 square foot commercial structure with a 9896 square foot footprint, containing retail, office space, and a restaurant, which would cover 48% of the merged Lots 15 and 20. Id.
The Zoning Board advertised the hearing on the Application ("Hearing") in the Newport Daily News. The public notice ("Public Notice") described the subject location as Lots 15 and 20 stated as follows:
 "Petition of Newport Group, LLC, applicant; Nice Ice, LLC, [1] owners; for a special use permit and a variance to the dimensional requirements for permission to demolish the existing structure and construct a three story 27,000 sq. ft. building containing retails, professional office and standard restaurant uses and provide 34 off-street parking and 1 loading zone space (89 off-street parking and 2 loading zone spaces required). Three of said off-street parking spaces to be stacked, (stacking not allowed). Lot coverage to be reduced from 68% to 48% (40% allowed) *Page 4 
applying to the property located at 10 Brown Howard Whf., TAP 32, Lots 15 20, (WB zone)." (Appellant's Ex. C.)
A mailed notice ("Mailed Notice') of the Hearing included the text of the Public Notice, and was sent to property owners within 200 feet of Lots 15 and 20, except to the owners of property located at 404 Thames Street, Lot 259 on Newport Tax Assessor's Plat 27.[2] (Appellant's Ex. J L.) The Mailed and Public Notices (collectively "Notice") stated that the Hearing was to be held at 7:00 p.m. on Monday, March 24, 2008 at the Newport City Hall. (Appellant's Ex. C L.)
Hearings on the Application were held on June 9 and July 8, 2008.[3] (Decision at 1.) At the Hearings, Applicant testified that in addition to requiring the merger of Lots 15 and 20, the proposed project would also require the use of approximately 941 square feet of the adjacent Lot 241. (Hr'g Tr. at 12-13, 127-130, July 8, 2008.) Applicant further testified that it would grant itself a permanent easement over a portion of Lot 241 in order to accommodate the necessary dumpsters and seven of the proposed 34 parking spaces for the benefit the merged Lots 15 and 20. (Decision at 3.) Applicant stated that it would permanently petition off this portion of Lot 241 with a fence, screen, or landscaping. (Hr'g Tr. at 12, 15, July 8, 2008.) In addition, Applicant provided the testimony of two experts that a portion of Lot 241 would be necessary to the proposed development because without the easement, the combined area of Lots 15 and 20 would be insufficient to allow for the proposed structure and 34 parking spaces. (Decision at 6-7.) *Page 5 
Subsequently, the Zoning Board found that upon the approval of its pending petitions, Applicant agreed to consolidate Lots 15 and 20 and to execute a permanent easement over 941 square feet of Lot 241. Id. at 9-10. The Board further found that the easement area was "crucial" to providing for the proposed off-street parking requirements, and that without the easement over Lot 241, there would be inadequate space available to provide for the proposal's on-site parking. Id. The Board went on to find that Applicant sought the least relief necessary and that without such relief, it would suffer hardship. Id. Based upon its finding of facts, the Board approved, by a vote of 4 to 1, all relief sought by Applicant. Id. at 13.
Following the vote, Petitioner submitted a motion to the Board to dismiss the Application for lack of subject matter jurisdiction due to a failure to provide notice that Lot 241 would be used for the proposed development. (Appellant's Ex. D.) On August 25, 2008, the Zoning Board denied Petitioner's motion and issued a written decision on September 9, 2008. (Decision at 12). The instant, timely appeal followed.
 II Standard of Review
The standard by which the Superior Court reviews a zoning board's decision is codified in § 45-24-69(d):
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance *Page 6 
provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
Questions of law are reviewed de novo by this Court.Narragansett Wire Co. v. Norberg,118 R.I. 596, 607, 376 A.2d 1, 6 (1977). Such questions may be reviewed to determine what the law is and its applicability to the facts. Id. When reviewing a decision of a zoning board, the trial justice "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings."DeStefano v. Zoning Bd. of Review of Warwick,122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979). The term "substantial evidence" has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." Lischio v. Zoning Bd. of Review of N.Kingstown, 818 A.2d 685, 690 (R.I. 2003) (quoting Caswell v.George Sherman Sand Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981)). "[T]he Superior Court does not consider the credibility of witnesses, weigh the evidence, or make its own findings of fact." Munroe v. Town of E. Greenwich,733 A.2d 703, 705 (R.I. 1999). Rather, the Superior Court's review is confined to a search of the record to ascertain whether the board's decision rests upon `competent evidence' or is affected by an error of law." Id. *Page 7 
(quoting Kirby v. Planning Bd. of Review of Middletown,634 A.2d 285, 290 (R.I. 1993)).
 III Analysis
Petitioner argues that the failure to include Lot 241, or a portion of it, as part of the location of the proposed development renders the Notice of the Hearing insufficient and therefore deprives the Zoning Board of jurisdiction to hear the Application. Petitioner further argues that the Board exceeded its authority in granting the relief provided. Petitioner also asks for an award of attorney's fees pursuant to the Equal Access to Justice Act (the "EAJA") codified at G.L. 1956 § 42-92-1 et. seq..
 A Jurisdiction
It is well-settled in Rhode Island law that adequate and sufficient notice is a jurisdictional pre-requisite and a due process requirement in zoning matters. Carroll v. Zoning Bd. ofReview of City of Providence,104 R. I. 676, 678-79, 248 A.2d 321, 323 (1968). Indeed, the Rhode Island Supreme Court has consistently emphasized that the acquisition of jurisdiction to hear and determine such applications depends on strict compliance with the Zoning Enabling Act's notice requirements. Mello v. Bd. of Review of City of Newport,94 R.I. 43, 49, 177 A.2d 533, 536 (1962); see also
Zoning Enabling Act, §§ 45-24-27 — 45-24-72. Any action taken by a zoning board which has not first satisfied the notice requirement is a nullity. Corp. Serv., Inc. v. Zoning Bd. ofReview of E. Greenwich,114 R.I. 178, 180, 330 A.2d 402, 404 (1975). *Page 8 
Proper notice serves to afford persons having an interest in a pending zoning matter an opportunity to present facts that might shed light on an issue before the zoning board. Carroll,104 R.I. at 678-79, 248 A.2d at 323. A proper fulfillment of these purposes demands "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."Id. (quoting Mullane v. Central Hanover Bank TrustCo., 339 U.S. 306, 314 (1950)). To meet this requirement, the notice, if it is to be adequate and sufficient, must — in addition to providing the date, time, and place of a proposed meeting — advise those concerned of the precise character of the relief sought by the application and the specific property for which that relief is sought. Id. Whether notice in a given case meets the tests will turn on its facts. Paquette v. ZoningBd. of Review of W. Warwick,118 R.I. 109, 111, 372 A.2d 973, 974 (1977).
The adequacy and sufficiency of the notice in this case turns on whether the Public and Mailed Notices were reasonably calculated, under all the circumstances, to apprise interested parties of the precise character of relief sought and the specific property for which that relief is sought, and afford them an opportunity to adequately present their objections to the Zoning Board. It is uncontested that the Application for relief and the Notice of the Hearing thereof provided that Applicant sought relief to demolish the existing building and construct a new 27,000 sq. ft. structure with a non-conforming lot coverage of 48%, one loading zone space, and 34 off-street parking spaces, three of which were to be stacked, on property located at 10 Brown Howard Wharf, Tax Assessor's Plat 32, Lots 15 20. At the subsequent hearings on the matter, however, Applicant substantially testified that Lots 15 and 20 were not sufficient to *Page 9 
accommodate its proposal, and that, in addition to the relief sought in its Application, it would further require the use of the adjacent, non-conforming Lot 241. Applicant and its witnesses testified that the combined area of Lots 15 and 20 alone was insufficient to allow for the development's proposed structure and reduced on-site parking requirements. Beckett himself testified that an easement over Lot 241 was necessary to the proposed development. The Zoning Board subsequently found that an easement over 941 square feet of Lot 241 was "crucial" and that without the easement, there would be inadequate space for the proposed development. (Decision at 9.)
Essentially, the Applicant contends that neither the feasibility of its proposal nor the Board's granting of relief was dependent upon the use of Lot 241. However, the nature of relief sought and granted was not to enable the construction of a new 27,000 sq. ft. structure with customary accessory uses, one loading zone space, and 34 off-street parking spaces on property located on Lots 15 and 20, as the public and any interested parties had been notified. Rather, relief was sought and granted to enable the construction of a new 27,000 sq. ft. structure with customary accessory uses, one loading zone space, 34 off-street parking spaces on property located on Lots 15, 20 and 241, and dumpsters to be located on Lot 241. See Zoning Board Decision at 9-10. The record clearly demonstrates that Lot 241 was a part of the locus of the proposed development and the scope of relief sought, but was not identified in any Notice.
In addition, by approving the placement of accessory uses and required on-site parking to benefit Lots 15 and 20 onto Lot 241, the Zoning Board's Decision requires further relief not explicitly sought, granted, or advertised with respect to the public. It is well-settled that a zoning board *Page 10 
 "has no power to grant relief of an entirely different kind from that applied for, not only because . . . there was no application before it for the kind of relief granted, but also because the notices of hearing published and those mailed in accordance with requirements of the ordinance would not be adequate to empower the board to consider other relief." 3 Arlen H. Rathkopf Darren A. Rathkopf, The Law of Zoning and Planning § 57.46 (2009).
Pursuant to Newport's Zoning Ordinance, a special use permit is required to locate a facility's accessory uses and parking requirements on a separate lot. See Newport Zoning Ord. § 17.104.020 (H)(J)(L) (parking requirements for restaurants, retail establishments, and professional and business offices must be located on the same lot with the facility);[4] andsee § 17.08.010 (accessory use restricted to the samelot as principal use).[5] While the Board's decision approves such use, the corresponding special use permit was never explicitly sought or granted.[6] See Decision.
Notice, if it is to be adequate and sufficient, must accurately describe the locus of the proposed development and the precise character of the relief sought. Paquette,118 R.I. at 111, 372 A.2d at 974; Carroll,104 R.I. at 679, 248 A.2d at 323. The Rhode Island Supreme Court has held notice which fails to sufficiently identify one of the lots affected by a proposed development to be fatally defective where it did not contain enough information to sufficiently advise interested parties of the specific property for which relief was sought.See Paquette, 118 R.I. 109, 372 A.2d 973; Boggs v.Zoning Bd. of *Page 11 Review of City of Newport, 107 R.I. 80, 264 A.2d 923 (1970);Mello, 94 R.I. 43, 177 A.2d 533.
In Mello, the applicants sought a variance for the renovation of a building situated on lot 52 and in part on lot 165. In their application to the zoning board, however, the applicants mentioned only lot 52, and the advertised notice of the hearing thereon referred only to that lot. The Rhode Island Supreme Court held that since lot 165 was involved in the relief sought, its omission from the notice was of substantial significance and therefore deprived the board of jurisdiction to hear and determine the application. Mello, 94 R.I. at 50, 177 A.2d at 536. Similarly, in Boggs, the Supreme Court held that the zoning board lacked jurisdiction to hear an application which sought relief on lots 78 and 79, where notice of the hearing had listed the subject location only as lot 79 because the public could not have known that lot 78 was also involved in the application.Boggs, 107 R.I. at 81-85, 264 A.2d at 924-26.
Likewise, in Paquette, the Rhode Island Supreme Court found a zoning board to lack jurisdiction where notice incorrectly described one of two lots affected by a proposed development. InPaquette, the application for relief and the public notice of the hearing thereof correctly identified the locus of the proposed development by street name and tax assessor's plat numbers, but incorrectly described one of the lots as "754" rather than "574."Paquette, 118 R.I. at 110, 372 A.2d at 974. Though approximately 100 remonstrants were present at the public hearing, the Supreme Court nevertheless quashed the zoning board's decision because it found that notice was not "sufficiently clear and definite to reasonably insure that no interested person would be misled into inaction or left in doubt concerning the specific properties involved." Id. at 113, 372 A.2d at 974. *Page 12 
The Paquette Court distinguished Pascalides v. Zoning Bd.of Review, 97 R.I. 364, 197 A.2d 747 (1964), where notice correctly identified the full street address and assessor's plat number of the affected property but incorrectly described one of the two lots as lot 3998 instead of 3898. Paquette,118 R.I. at 113, 372 A.2d at 974. The minor defect inPascalides was found to be in the nature of a harmless typographical error and not of sufficient consequence to vitiate the otherwise clear and definite identification of the particular land upon which applicant sought relief. Id; seealso Pascalides 97 R.I. at 368-69, 197 A.2d at 750.
Notice in this matter failed to identify Lot 241 in any manner. The property was not mentioned by name, street address, or lot number. This deficiency is not in the nature of a harmless typographical error, but is an omission that may reasonably mislead the public. Compare Paquette,118 R.I. 109, 372 A.2d 973 (failure of notice to correctly identify one of two affected lots by lot number, held not to be harmless error even where lot was correctly identified by street name and plat number; notice found insufficient and reasonably misleading),withPascalides at 368-69, 197 A.2d at 750 (typographical error held to be harmless error where identification of the particular parcel was still clear and definite). Accordingly, Notice of the pending hearing was not sufficiently clear and definite to reasonably ensure that no interested person would be misled into inaction or left in doubt concerning the specific properties involved in the proposal before the Zoning Board. Likewise, Notice was not sufficiently clear and definite to reasonably ensure that those attending the hearing would be adequately prepared on the nature of the Application to present their objections and any facts that might shed light on the issue before the Board. *Page 13 
Petitioner, a neighboring property owner, was among those interested parties attending the hearing, but insufficiently notified on the nature of the proposal to be able to adequately present objections and facts that might shed light on the issue before the Board. Following the Zoning Board's vote, Petitioner submitted a motion to dismiss the Application for lack of subject matter jurisdiction due to a failure to provide notice that Lot 241 would be used for the proposed development. Subsequent to the Board's denial of the motion, Petitioner filed the instant appeal and raises the issue of defective notice again before this Court.
As the owner of property, the value and use of which naturally would be affected by the Board's Decision, Petitioner is an aggrieved person having a right to claim a review of that decision before this Court. See § 45-24-69; see alsoAbbott v. Zoning Bd. of Review of City of Warwick,78 R.I. 84, 87-88, 79 A.2d 620, 622-623 (1951); Flynn v. ZoningBoard of Review of City of Pawtucket,77 R.I. 118, 122, 73 A.2d 808, 810 (1950). Applicant's contention that Petitioner has consented to the Board's jurisdiction by attending the hearing ignores the settled principle that proper and adequate notice of a zoning board hearing is a jurisdictional prerequisite, and that action taken by a board which has not first settled the notice requirements is a nullity. See Corp.Serv., Inc., 114 R.I. at 180, 330 A.2d at 404.
The Rhode Island Supreme Court has made it clear that a board's jurisdiction to hear a zoning matter is not created by consent. InCorporation Service, Inc., the remonstrants urged that while the notice of a zoning board hearing was technically deficient, the defect did not mandate the quashing or reversal of the board's decision. To support their position, they argued that the applicants had no cause for complaint since *Page 14 
they were not prejudiced by the faulty notice, and further that they, the remonstrants themselves, were satisfied with the board's decision and did not complain about the insufficient notice.Id. at 180, 330 A.2d at 404. The court nevertheless held that the insufficient notice deprived the zoning board of jurisdiction to hear the application. Id.
The cases relied upon by Applicant — including, Ryan v. ZoningBd. of Review of New Shoreham, 656 A.2d 612 (R.I. 1995);[7]Zeilstra v. Barrington Zoning Bd. of Review,417 A.2d 303 (R.I. 1980);[8] and Cugini v. Chiaradio,96 R.I. 120, 189 A.2d 798 (1963)[9] — are distinguishable in that the notice provided in each was not found to be insufficient to satisfy the requirements of due process. Due process in zoning matters contemplates the opportunity for affected landowners to be heard. Cugini, 96 R.I. at 125, 189 A.2d at 801. This right to be heard, however, is without meaning unless such notice of the pendency of a hearing or proceeding is adequate in the circumstances to safeguard the right. Id. (citing Anderson NationalBank v. Luckett, 321 U.S. 233 (1944)). The Notice provided in this matter was insufficient to safeguard this right to be heard. The deficient Notice prejudiced Petitioner's — and any other interested party's — ability to *Page 15 
sufficiently understand the scope of the proposed development and to adequately prepare and present their objections at the Hearing.
Residents of Newport, neighboring property owners, and any other interested parties have an interest in being advised of the full nature of relief sought at a pending zoning board hearing. This interest may be especially high where such relief affects an additional non-conforming lot in the well-regulated Waterfront Business District. Presently, Lot 241 accommodates retail stores and residential dwellings on an area of 2938 square feet in a district which requires a 5000 square foot minimum area. Applicant testified that it intends to further screen-off approximately 940 square feet of the dimensionally non-conforming lot to accommodate its proposed development. Thus the proposal would constructively reduce the lot to 1998 square feet, representing 3002 square feet less than district requirements and thus increasing its non-conformity. See Newport Zoning Ord. § 17.72.030(A) (prohibiting the increase of non-conformity except for safety concerns or regular maintenance).
The Court further notes that Applicant's proposal and the Board's decision are dependent upon the granting of an easement over a portion of Lot 241 by the common owner of adjacent property. Such an easement would be null as a matter of law as interests in land merge under common ownership. See Newport Realty,Inc. v. Lynch, 878 A.2d 1021, 1035 (R.I. 2005) (easements are extinguished by merger where there is unity of title with the servient estate). Additionally, as Lot 241 — which contains 2938 square feet — is already developed with a single structure with retail stores at street level and residential dwellings above, the lot must maintain its own parking requirements and/or has been granted relief therefrom. *Page 16 
Under all the circumstances, the Notice of the Hearing provided in this matter is not reasonably calculated to apprise the public and any interested parties of the precise character of relief sought and the specific property for which that relief is sought, and afford them an opportunity to adequately present their objections to the Zoning Board. The omission of Lot 241 from the Notice is of substantial significance and deprives the Board of jurisdiction to hear and determine the Application. See Paquette,118 R.I. 109, 372 A.2d 973. Absent such notice, the Zoning Board was without authority to consider the application. Therefore, the Decision of the Zoning Board is null and void. See Corp.Serv., Inc., 114 R.I. at 180, 330 A.2d at 404. This Court, therefore, vacates the Zoning Board Decision and remands this case for a de novo hearing in compliance with all notice requirements.
 B Attorney's Fees
The Equal Access to Justice Act "was propounded to mitigate the burden placed on individuals and small businesses by the arbitrary and capricious decisions of administrative agencies made during adjudicatory proceedings." Taft v. Pare,536 A.2d 888, 892 (R.I. 1988). Under the EAJA, an award of reasonable litigation expenses will be made to the prevailing party if the court finds that the agency was not substantially justified in its actions leading to the proceedings and during the proceeding itself. See § 42-92-3; Taft, 536 A.2d at 892. The stated purpose of the EAJA is to "encourage individuals and small businesses to contest unjust actions by the state and/or municipal agencies." Section 42-92-1(b). It is for this reason that the legislature deemed that the *Page 17 
"financial burden borne" by the prevailing party should be shifted to the offending agency. Id.
The term "agency" under the EAJA includes "any state and/or municipal board, commission, council, department, or officer, other than the legislature or courts" who are authorized by law "to make rules or to determine contested cases, to bring any action at law or in equity . . . or to initiate criminal proceedings." Section 42-92-2(3). A zoning board is not such an agency.
However, even assuming without deciding that the Zoning Board qualifies as an "agency" under the EAJA, the Court finds that it did not conduct an "adjudicatory proceeding" pursuant to the Act's definition. See § 42-92-2(2). The term "adjudicatory proceedings" is defined as
 "any proceeding conducted by or on behalf of the state [or municipality] administratively or quasi-judicially which may result in the loss of benefits, the imposition of a fine, the adjustment of a tax assessment, the denial, suspension, or revocation of a license or permit, or which may result in the compulsion or restriction of the activities of a party." Section 42-92-2(2).
Here, the Zoning Board issued a special use permit and variances to the Applicant. While the "denial, suspension, or revocation of a license or permit" is an adjudicatory proceeding under the Act, theissuance of a special use permit and variances, as a matter of law, is not such a proceeding. See § 42-92-2(2). Consequently, the Zoning Board did not conduct an adjudicatory proceeding as defined under the Act and its motion for attorney's fees is, therefore, denied. *Page 18 
 IV Conclusion
For the reasons stated, this Court finds the Zoning Board of Review for the City of Newport's decision dated September 9, 2008, to be in violation of constitutional, statutory, and ordinance provisions, in excess of authority granted to the Zoning Board of Review, and made upon unlawful procedure. Accordingly, substantial rights of the Appellant have been prejudiced. The September 9, 2008 Decision of the Zoning Board is therefore vacated, and this case is remanded to the Zoning Board for a de novo hearing pursuant to all notice requirements. Petitioner's motion for attorney's fees under the Equal Access to Justice Act is denied.
Counsel shall submit the appropriate judgment for entry.
[1] Both the Application (Appellant's Ex. B) and the Decision refer to this entity as "Nice Ice, Inc." No party, however, has raised this apparent mislabeling of the owner in the notice as an issue.
[2] The property located at 404 Thames Street is owned by World View Graphics. The record contains a letter dated February 20, 2009 from Andrew Kagan, President of World View Graphics, formally waiving any rights of the corporation to challenge any defect of notice.
[3] The record before the Court is unclear as to what, if anything, occurred regarding this matter on the publicized March 24, 2008 hearing date. No party, however, raises any issue as to the notice of the hearing's date.
[4] For example, § 17.104.020(J) provides that "Retail establishments, and financial institutions: one space for every 275 square feet of gross square footage and located on the samelot as the facility." (Emphasis added.)
[5] Ordinance § 17.08.010 provides that "Accessory use means a use of land or of a building or potion thereof, customarily incidental and subordinate to the principal use of the land or building. An accessory use shall be restricted to the same lot as theprincipal use, and shall not be permitted without such principaluse." (Emphasis added.)
[6] The Zoning Board did grant a special use permit to the Applicant to demolish or partly demolish the existing ice manufacturing plant on Lot 15. (Decision at 11-12.)
[7] In Ryan, after the granting of a variance, from which no appeal was taken within the statutory period, a zoning board reheard the matter sua sponte after finding that one abutter did not receive mailed notice of the hearing. The abutter however, had waived objection. The issue before the Rhode Island Supreme Court was not whether the notice itself was deficient. The Supreme Court found no legally competent evidence to sustain the conclusion that the hearing was nullified because of the lack of notice to the abutter. The abutter's waiver meant that he did not wish to present any facts, and therefore, the purpose of the notice requirement was satisfied.
[8] In Zeilstra, the narrow jurisdictional issue involved whether the applicant received proper notice of an appeal of a decision to issue a building permit to him. Applicant asserted that he did not receive "due notice" of the hearing because the letters from the board stated only that the appeal concerned the building inspector's decision to issue him a permit and failed to inform him that relief was sought in respect to the structure's height. Applicant attended the hearing with counsel, actively participated in the proceedings, and specifically declined the opportunity to obtain a continuance. The Rhode Island Supreme Court did not find notice inadequate to inform the applicant of the matter before the zoning board.
[9] In Cugini, the jurisdictional issue was whether the Zoning Enabling Act conferred power upon the town council to prescribe the requirements for the public notice of a pending hearing on the zoning ordinance and whether the public notice as prescribed in the ordinance was reasonable and satisfied the requirements of constructive notice. The Supreme Court did not find the notice insufficient to inform the public and any interested parties of the matter before the zoning board.