THEODORE S. PASCALIDES *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

FEBRUARY 28, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the zoning board of the city of Cranston in granting an exception from the building requirements of the zoning ordinance. We issued the writ, and in compliance therewith the board has made due return of all its records and papers pertaining to its proceedings in the premises.

It appears from the return that the Rosedale Apartments, Inc. applied for an exception from the requirements of section 15A of the ordinance in order to erect an apartment building at No. 1180 Narragansett Boulevard on a lot of land with an area of 155,821 square feet. It is delineated by the tax assessor for his convenience on his plat 2/3 as lot 1912 comprising 119,934 square feet and lot 3898 with 35,887 square feet. The entire tract is in an apartment E district in which apartment buildings accommodating one family for each 1,000 square feet of land area are permitted by sec. 14 (e) of the ordinance.

There is already on lot 1912 an apartment building containing 34 apartments known as Rosedale Apartments. The proposed building would be constructed on the same lot southeast of the present building and would provide accommodations for 120 families. It would rise seventeen stories plus a penthouse but would not exceed 200 feet in height. Taking into consideration the applicant's land in its totality and disregarding the tax assessor's convenient subdivision thereof, there would be accommodations for 154 families which would be within the limitations of sec. 14 (e). However, its height and the number of stories would be in excess of the limits prescribed in sec. 15A.

For this reason the applicant sought relief therefrom pursuant to the following provisions of sec. 27B (8) and (10):

"B. *Special exceptions.* When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the board of review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows:

"* * *

"(8) In any district any use or building deemed by the board of review to be in harmony with the charac-

ter of the neighborhood and appropriate to the uses or buildings authorized in such district;

"* * *

"(10) The erection of a building or portion of a building covering not more than 25 per cent of the area of the lot to a height in excess of the limits prescribed in section 15 of this chapter * * *."

In accordance with those provisions the board gave public notice of the pending application and the hearing to be held thereon. However, although the locus of the applicant's land was correctly identified in such notice as 1180 Narragansett Boulevard and further as assessor's lot 1912, it incorrectly described the other lot as No. 3998 instead of 3898. At the hearing petitioners appeared and contended that because of such error in describing a part of the applicant's premises there could be no valid hearing. At this juncture the applicant asked to amend the notice and have it readvertised.

The board did not expressly deny the offer to amend but in effect did so by ruling that the hearing should proceed in accordance with the given notice. Thereafter a full opportunity to object to the granting of the petition was accorded to a large number of remonstrants who were present, including petitioners. They took an active part either personally or by counsel in cross-examining the witnesses who testified on behalf of the applicant, and they otherwise made known the reasons upon which they based their objections to the granting of the application.

In a lengthy decision the board discussed the evidence and mentioned also that it had viewed the premises with particular reference to the location of the proposed building and the probable effect it would have on residences of certain of the remonstrants adjacent to the applicant's premises. It expressly found that the public convenience would be substantially served and that the appropriate use of neighboring property would not be substantially or perma-

nently injured and therefore granted the application with restrictions.

The petitioners nevertheless contend that the decision is null and void and should be quashed for the following reasons: I. the board lacked jurisdiction because of the faulty public notice; II. it erred in basing its decision on adjoining lot No. 3898 in addition to lot No. 1912 whereas the proposed building was to be built only on the latter lot; III. it erred in granting the exception without first finding that such building would be in harmony with the neighborhood; IV. it abused its discretion in granting permission to build a building so much higher than the height prescribed in the ordinance; and V. it erred in finding that neighboring property would not be substantially or permanently injured. We shall discuss these reasons in the order in which petitioners have argued them in their brief.

They rely chiefly on the following cases in support of reason I: *Mello* v. *Board of Review,* 94 R. I. 43, 177 A.2d 533, *Abbott* v. *Zoning Board of Review,* 78 R. I. 84, and *Radick* v. *Zoning Board of Review,* 83 R. I. 392. In our opinion those cases do not support petitioners' position. The facts showing faulty notice or lack of notice upon which the holding in each cited case was predicated are significantly dissimilar from the facts in the case at bar.

In *Mello* the application for a building permit was for the renovation of a building situated on two lots, Nos. 52 and 165, but in their application to the zoning board for a variance after they were refused a permit by the building inspector the applicants mentioned only lot 52, and the advertised notice of the hearing thereon referred only to that lot. Since lot 165 was involved, we held that the omission of it in the notice was of substantial significance and deprived the board of jurisdiction to hear and determine the application.

In *Abbott* the deficiency in the notice was even more serious. The land involved was described therein as lot 472,

plat 350, without identifying the plat. It was further described as situated " 'at intersection of Warwick Ave. & Oakland Beach Ave.,' " which was not its actual location. After the zoning board had heard the matter and granted the application the petitioners for certiorari, who were not present at the hearing, complained of the lack of legal notice and asked the board for a rehearing, which was refused. We entertained the petition for certiorari and held the notice deficient, but we did not declare the hearing and decision null and void for lack of jurisdiction. Instead, we considered the petitioners' objections to the board's decision on the merits and reversed it.

In *Radick* the zoning board failed to give the petitioner written personal notice of the hearing. Such notice was expressly provided by the local ordinance. No question was raised as to the validity of the ordinance. Following *Richard* v. *Board of Review,* R. I., 129 A. 736, we held that the notice therein prescribed constituted an indispensable prerequisite to give the board jurisdiction. Incidentally the *Richard* case was an instance of utter disregard by the board of the provisions of the enabling act. It did not comply with any of them governing a hearing before it and arbitrarily voted to table indefinitely the petitioner's appeal from the building inspector's decision.

In the case at bar the defect in the notice is a minor one and in the circumstances more in the nature of a harmless typographical error. It was not in our opinion calculated to mislead the public or leave any interested person in doubt as to the location of the proposed building. On the contrary, it clearly stated that it was to be at the address of the Rosedale Apartments, Inc., 1180 Narragansett Boulevard. It went on further to describe the locus as it was described on the assessor's plat. The mistake in this further description was not of sufficient consequence to vitiate the otherwise clear and definite identification of the particular land upon which the applicant proposed to erect a

building which, because of its height and the existence of another building already on the land, required an exception from the zoning ordinance.

There is no merit in petitioners' reason II. The board was fully warranted in taking into consideration the entire premises at 1180 Narragansett Boulevard in determining whether there would be a sufficient area to accommodate 154 families and provide the required open space in accordance with the provisions of sec. 14 (e) of the zoning ordinance. In performing this duty it was not bound to view the applicant's land strictly in accordance with the tax assessor's division of it into two lots. *Sanfilippo* v. *Board of Review*, 96 R. I. 17, 188 A.2d 464. The applicant was entitled to have its land treated as one lot for its purpose in seeking to obtain relief from the zoning board in order to realize the benefits of the use permitted in the district. But once having obtained the relief applied for by having the board consider the land in its totality, it could not thereafter claim that the lots were separate and dispose of lot 3898 as one not affected by the proposed building. The petitioners' fears on this score are groundless. The enforcement provisions of the zoning law would be readily available to prevent any attempt to thus circumvent the ordinance. See *Hutzler* v. *Mayor and City Council*, 207 Md. 424.

We have carefully examined the transcript with reference to petitioners' reasons III and IV that there was insufficient evidence to justify an exception under sec. 27B (8) and (10), and we disagree therewith. The evidence is clear that the proposed apartment building would be in harmony with the character of the neighborhood. That character is determined largely by the nature of the uses permitted in the district. An apartment building is a permitted use and there is already a large one on the applicant's land. That the present development is substantially or even pre-

dominantly one-family residences is of no consequence so long as the ordinance permits other uses. And in so far as the height of the proposed building is concerned there is no basis whatever for petitioners' contention that the board's decision in this respect was arbitrary and an abuse of its discretion. The short answer to such contention is that the ordinance itself does not limit height provided certain conditions with reference to set back and lot coverage are met. In the instant case the applicant's project meets the second condition and does not violate the first, and therefore the board was fully warranted in granting the exception.

The petitioners' reason V appears as an addendum to their brief. In substance it is based on a claim that such a high apartment building will permanently and substantially injure neighboring residential property. As we read the transcript, there was a conflict on this point in the testimony of the real estate experts. It is not our province ordinarily in zoning cases to weigh the evidence and resolve such conflicts. *Costantino* v. *Zoning Board of Review*, 74 R. I. 316. So long as there is some legal evidence upon which the board's decision may reasonably be based, we will not disturb its decision. Suffice it to say that in the case at bar there is in our opinion substantial evidence to that effect.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records and papers certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*Needham, Silverstein & Gilroy, Perry Shatkin,* for petitioners.

*Christopher T. DelSesto, Jr.,* Assistant City Solicitor, for respondent.