[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review of the City of Warwick. The plaintiffs seek reversal of the Zoning Board's November 6, 1991 decision denying its petition for a variance. Jurisdiction is pursuant to Rhode Island GeneralLaws 1956 (1988 Reenactment) § 45-24-20.
Facts
Elizabeth Hogan and Mary Collins (hereinafter "plaintiffs") filed an application for a variance with the Zoning Board of Review of the City of Warwick (hereinafter "The Board"). Plaintiffs are the owners of the subject lot which is designated as lot 179 of Assessor's Plat 319. The lot is zoned as A-7. Under the ordinance, lots zoned A-7 have two permitted uses for land: residential and agricultural. Pursuant to § 301.5 of the Warwick Zoning Ordinance any lot upon which a single-family dwelling is to be constructed must meet a minimum lot size of seven thousand (7,000) square feet. Lot 179 measures three thousand two hundred (3,200) square feet.
A scheduled and advertised hearing was held on October 1, 1991. At the hearing, plaintiffs, who were represented by counsel, presented testimony from a duly qualified real estate expert, J. Clifden O'Reilly. The Board also heard testimony from several objectors. A petition with fifty-four (54) names was also presented.
On November 6, 1991, after hearing the testimony and after reviewing the lot and surrounding area, the Board denied the plaintiffs' petition. The Board found that the lot is too small and would result in an over intensification of the land. Further, the Board held the dimensional variance would not be reasonably necessary for the petitioners' full enjoyment of the permitted use as the lot could be used for raising crops. Additionally, the Board noted that as a result of plaintiff's proposed use of the land, the neighboring property would be substantially injured and the plaintiff would not suffer more than a mere inconvenience. From the Board's decision, plaintiff filed this instant appeal.
Analysis
In reviewing a zoning board decision, this court is constrained by Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20 which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a zoning board decision this court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record."Apostolou v. Genovesi, 120 R.I. 501, 505, 388 A.2d 821, 825 (1978). The Rhode Island Supreme Court has defined "substantial evidence" as "more than a scintilla but less than a preponderance." Id.
With respect to the standard for granting relief from zoning regulations, there are two (2) types of variances: a "true" variance, and a deviation, or Viti variance. Gara Realty Inc.v. Zoning Board of South Kingstown, 523 A.2d 855 (R.I. 1987). A "true" variance is utilized when the relief sought is to use the land for a use not permitted under a zoning ordinance. Id. at 858. To obtain a "true" variance one must meet the "unnecessary hardship" standard.
A deviation is the type of relief available from restrictions governing a permitted use, such as lot area and setback requirements. Felicio v. Fleury, 557 A.2d 480, 482 (R.I. 1989),Gara Realty, Inc., at 858. This standard is known as the "Viti" doctrine. Viti v. Zoning Board of Review of Providence,92 R.I. 59, 166 A.2d 211 (1960). When a party seeks a deviation from lot area and setback requirements of a permitted use, he or she is seeking a Viti variance. A deviation will be granted when a landowner demonstrates that the denial of the request will have an adverse impact amounting to more than a mere inconvenience.Felicio, at 482, Gara Realty, Inc., at 858. The Rhode Island Supreme Court has interpreted "more than a mere inconvenience" to mean that the petitioner must show the relief is reasonably necessary for full enjoyment of the permitted use. DiDonato v.Zoning Board of Review of Johnston, 104 R.I. 158, 142 A.2d 416
(1968).
In the case at bar, the plaintiffs believe they have met their burden of showing that the denial of their request will result in more than a mere inconvenience as they argue that the requested relief is necessary for full enjoyment of the permitted use. Plaintiffs' lot is zoned A-7 which has two permitted uses for land: residential and agriculture use. In the Board's decision, the Board stated, "the land may be used for raising crops . . . and, therefore, there is another use to which it may be put."
In Felicio, however, the Court ruled that requiring the lot to be used for agricultural purposes would constitute an adverse impact amounting to more than a mere inconvenience. Felicio, at 482-483. As in Felicio, to require the plaintiffs to use their lot for agricultural purposes or not to make use of the land at all would constitute an adverse impact for the plaintiffs amounting to more than a mere inconvenience. A review of the record indicates that the Board did not properly apply the Viti
doctrine. The Board improperly denied plaintiffs' request for a deviation, ruling there is a potential agricultural use for the lot. In Felicio, however, the court held that the potential for a lot to be used for agricultural purposes is not grounds for denying a request for a deviation. Id.
Additionally, the plaintiffs presented evidence that their use of the lot for a single-family residence would not have an adverse impact on the neighboring properties. Plaintiffs' real estate expert, J. Clifden O'Reilly, testified that the use of the lot for a single-family house would not be inimical to the land uses nearby. (Tr. 3). The expert stated that the proposed deviation would not have any substantial adverse impact on the neighboring properties. (Tr. 3). Further, Mr. O'Reilly opined that the introduction of any brand new residence, in an older yet well maintained neighborhood, tends to keep up the property value of the neighboring properties. (Tr. 3). In Felicio, the zoning board improperly refused to grant a deviation from compliance with minimum lot size and frontage restrictions. Id. at 480. A real estate expert stated the proposed single-family residence would be compatible with the present neighborhood. Id. at 482,Pascalines v. Zoning Board of Review of the City of Cranston,97 R.I. 364, 197 A.2d 747, (1964). This court finds there is ample evidence that the Board's granting a deviation to build a single-family residence would not be inimical to the land uses of the neighboring properties.
After review of the entire record, this court finds the Board's decision is affected by error of law and is erroneous in view of the reliable, probative, and substantial evidence contained in the record. For the reasons hereinabove set out, the decision of the Zoning Board of Review of the City of Warwick is reversed.
Counsel shall prepare the appropriate judgment for entry.