DANIEL V. TRAMONTI *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

JUNE 23, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J.  This is a petition for a writ of certiorari to review the proceedings and quash the decision of the zoning board of review of the city of Cranston, hereinafter called the board, in granting an exception to The Executive House, Inc., hereinafter called the corporation, to erect a 39-unit apartment house in an apartment "D" district. We issued the writ, and in response to the mandate thereof the board duly certified the relevant records and papers to this court.

It appears therefrom that the corporation is the owner of two irregularly shaped lots of land located on Broad street in the city of Cranston.  On November 2, 1960 the corporation filed an application for an exception pursuant to the provisions of section 27B (8) and (9) of the ordinance, which read as follows: "(8) In any district any use or building deemed by the said board to be in harmony with the character of the neighborhood and appropriate to the uses or buildings authorized in such district; (9) In any district, such modification of the requirements of this ordinance as said board may deem necessary to secure an appropriate development of a lot where adjacent to such lot there are buildings that do not conform to the provisions and regulations of this ordinance."

It further appears that the ordinance requires 2,000 square feet of land for each family unit and the total area of the lots in question is approximately 52,000 square feet. The corporation had been granted a building permit for a 26-family apartment house which would conform to the zoning regulations and at the time of the hearing had commenced construction.  It sought an exception to permit the

construction of an apartment house having 39 family units, one of which would be a basement type apartment for occupancy by the building superintendent.

The pendency of the application was duly published and written notice given as required by law for a hearing to be held on November 22, 1960, but on that date no quorum was present and the hearing was recessed or adjourned to November 29, 1960. A quorum being present at that time the board proceeded to hear the applicant and those testifying on its behalf, as well as a number of remonstrants.

Louis A. Regnier, treasurer of the corporation, testified that he was familiar with the housing needs in the city of Cranston; that it had constructed another apartment house in the same neighborhood which had been fully rented prior to completion and for which there is a waiting list; that prospective tenants were already seeking accommodations in the apartments under construction; that it checked with the federal housing authority and determined from their statistics that there was a definite need for apartments in the Cranston area; that if the corporation were restricted to the 26 units permitted by the ordinance, the exterior construction would be of concrete blocks and much less attractive than the building which it proposed to erect if the exception were granted; and that the superiority of the proposed building would be possible because of the increased number of rentals. Mr. Regnier also stated that three adjoining lots created jogs in the corporation property; that the corporation had been unable to purchase such adjoining property; and that as a result of the highly irregular shape of its land the corporation was unable to make the maximum use of the property.

Cyril B. Joyner, an abutting property owner and a member of the zoning board, disclaimed any personal interest in the application, disqualified himself as a member of the board, and in qualified support of the application testified in effect that since a 26-unit apartment house could be con-

structed in any event, it would be better to grant the exception provided that a face, tapestry, or buff brick were required to be used on the exterior throughout and a Walpole fence placed around the apartment building. He further testified that he was authorized to speak on behalf of two other property owners whose property was within 100 feet of the lots in question.

There were approximately forty remonstrants, several of whom, including petitioners, testified that the neighborhood, in which there were two schools, was already congested; and that the additional twelve units would add to the congestion, result in increased traffic hazards and constitute an unnecessary menace to health.

Roland Milton testified that he had been engaged in the real estate business since 1923 and that in his opinion the increased traffic and density of population resulting from the additional units would depreciate the value of other property in the neighborhood.

The board granted the exception subject to the condition that "Buff Brick be placed on all sides of the building and that a six foot high Walpole Fence be erected around the property except for the frontage on Broad Street." In its decision the board stated that it had carefully considered all of the evidence, personally viewed the premises, was cognizant of a need and a demand for apartment houses in the city, and that in its opinion the granting of the exception would substantially serve the public convenience and welfare. The board also found that the exception as granted would not substantially or permanently injure the appropriate use of neighboring property, and would be in harmony with the character of the neighborhood and appropriate to the uses or buildings authorized in that district.

We cannot say that the board's decision is arbitrary or that it constitutes an abuse of discretion. The land in question is located in a district in which an apartment

house is a permitted use. The application is for an exception to the regulations and not to the use. Moreover it is an exception which was authorized by the city council in an appropriate case and we are of the opinion that the board was warranted in finding as it did.

The petitioners contend, however, that the decision is wholly illegal for the reason that the corporation failed to establish that it was either the owner of the premises in question or had such a legal interest therein as to give it standing before the board, and rely on *Tripp* v. *Zoning Board of Review,* 84 R. I. 262, and *Parise* v. *Zoning Board of Review,* 92 R. I. 338, 168 A.2d 476. Those cases, however, are not in point because in each of them the applicant was found to be a mere optionee, whereas in the instant case the applicant claims ownership. Nor do the petitioners deny such ownership. They simply contend that since no formal proof of the corporation's title was offered in evidence, its application should have been dismissed. Although it is a fact that no deed was put in evidence and the officer of the corporation did not testify in so many words that it had acquired title, nevertheless the transcript is replete with testimony regarding acquisition of a building permit by the applicant, its prospective tenants, and general conduct consistent only with ownership.

The petitioners also contend that the board was without jurisdiction to hold the hearing on November 29, having recessed to that date on November 22 for lack of a quorum, without once again giving formal notice and complying with the requirements of public notice. This contention is wholly without merit. It is too well settled to require any discussion that a body less than a quorum, having jurisdiction as to time, may adjourn to a time certain.

The petitioners lastly contend that they were deprived of a fair and impartial hearing for the reason that a member of the board was permitted to testify in favor of the application, notwithstanding the fact that he fully disquali-

136

fied himself and the alternate member served in his place. We think this contention is also lacking in merit. The member complained of was an abutting property owner with a personal concern as vital as that which cloaks the petitioners. In the absence of any evidence of improper or undue influence, and such is the state of this record, neither a remonstrant nor an applicant can be said to be prejudiced by the testimony of a board member who disqualifies himself in such circumstances as are here present.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the records and papers certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*John Tramonti, Jr.,* for petitioners.

*Charles A. Kelley,* City Solicitor for City of Cranston.

*Adler, Pollock & Sheehan, Bernard R. Pollock, Norman Jay Bolotow,* for respondent.