DECISION
Before the Court is an appeal by Susan Read, Clifford Read, Jane Renza, Paul Crossman, and Paula Meinel (collectively "Appellants") from a December 9, 2009 decision of the Cranston Zoning Board of Review ("Zoning Board" or "Board") granting zoning relief to Eight Hundred Sixty Reservoir Realty, LLC and Paradigm Group, LLC ("Respondents") to build and operate a Wendy's restaurant with drive-thru capability at 860 Reservoir Avenue, Cranston, Rhode Island. The Court has jurisdiction over Appellants' timely appeal pursuant to G.L. 1956 § 45-24-69.
 I FACTS AND TRAVEL
Eight Hundred Sixty Reservoir Realty, LLC is the owner of real property located at 860 Reservoir Avenue, Cranston, Rhode Island ("Property"). The Property, designated *Page 2 
as Assessor's Plat 9-5, Lot 621, comprises 34,737 square feet and is located within a C-1
zoning district. The Cranston Zoning Ordinance ("Zoning Ordinance") sets forth that a C-1 zoning district is a commercial district "intended primarily for the use of office space."See Zoning Ordinance § 17.08.010. At all pertinent times, the Property contained a vacant Bickford's restaurant and an adjoining parking area.
Respondents proposed to raze the vacant structure on the Property and construct a Wendy's restaurant with a drive-thru window. However, noting that a drive-thru use[1] is prohibited in a C-1 zoning district, and that, where permissible, a restaurant with drive-thru capability must be situated on a lot with a minimum area of 40,000 square feet, Respondents filed an application with the Zoning Board requesting relief from the literal requirements of the Zoning Ordinance.[2] See id.
at § 17.28.10, § 17.20.030. In support of this application, Respondents contended:
 "The relief sought is due to the unique character of the land and structure; the hardship is not the result of any prior action of the applicant and does not result primarily for greater financial gain; the requested relief will not alter the general character of the surrounding area; is the least relief necessary and without the requested relief, the structure *Page 3 
cannot yield any beneficial use if required to conform to the Zoning Ordinance, and would also constitute more than a mere inconvenience if required to conform to the lateral [sic] requirements of the Zoning Ordinance." See Paradigm Group, Application for Exception or Variation, City of Cranston Zoning Board of Review.
Although not expressly set forth in the application for zoning relief, the Court observes that Respondents' proposed drive-thru necessitated both use and dimensional variances.
On August 4, 2009, the Cranston Planning Commission ("Planning Commission" or "Commission") reviewed and assessed Respondents' application for zoning relief.[3] The record reflects that the Planning Commission specifically evaluated Respondents' application for:
 "[C]onformance with criteria (3) of [G.L. 1956 § ] 45-24-41(c) [ . . . ] [which provides] `[t]hat the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based.'" See Planning Commission, Recommendation, Aug. 4. 2009.
Upon making the requisite findings of fact, the Planning Commission unanimously voted to recommend approval of Respondents' application, subject to compliance with certain specified conditions.Id. at 2. Notably, the Commission conditioned its recommendation for approval on the requirement that: *Page 4 
 "[A]pplicant enters into the Zoning Board of Review's record of proceedings[ ] sufficient evidence satisfying the remaining standards for the granting of variances relating to hardship, least relief necessary, mere inconvenience and reasonable use, as put forth in [G.L. 1956 § ] 45-24-41." Id.
Thereupon, the matter was referred to the Zoning Board for review.
The pendency of Respondents' zoning relief application was duly advertised and the requisite written notice was sent to abutting property owners within a four hundred (400) foot radius of the Property. See G.L. 1956 §§ 45-24-41, 45-24-53; Zoning Ordinance § 17.108.070. The advertisement and written notice specified that Respondents' application would be heard before the Zoning Board on August 12, 2009. (Notice of Public Hearing Under Zoning Ordinance.)
On August 12, 2009, the Zoning Board convened a public hearing to consider Respondents' application for zoning relief. (Zoning Board Hr'g Tr., Aug. 12, 2009.) However, for reasons unspecified in the record, counsel for Respondents requested the Board to continue the hearing on the application to a later date. Id. at 2. Upon motion duly made and seconded, the Board unanimously voted to grant the requested continuance, announcing that Respondents' application would be revisited at the December 9, 2009 public hearing.Id.
On December 9, 2009, the Zoning Board once again convened a public hearing to address Respondents' application for zoning relief. Although the Zoning Board's docket — posted pursuant to the requirements of the Open Meetings Act, G.L. 1956 42-46-1 etseq. — specified that Respondents' application would be considered at this December 9, 2009 hearing, the Board did not issue, or require Respondents to issue, *Page 5 
supplemental notice of the continued hearing to abutting property owners. (Zoning Board Docket, Dec. 9, 2009.)
At the outset of the December 9, 2009 hearing, the Chairman of the Zoning Board entered the Planning Commission's findings of fact and recommendations into the record. (Zoning Board Hr'g Tr., Dec. 9, 2009, at 3-6.) Thereafter, counsel for Respondents presented three witnesses to testify on behalf of the application: (1) Harvey A. Bennett, Jr., the managing member of Paradigm Group, LLC, and intended operator of the proposed restaurant; (2) Brian King, a registered professional engineer who prepared the site plans for the application; and (3) James P. Cronan, III, a registered professional engineer who prepared the traffic impact assessment for the proposal. Id. at 8-12, 13-31, 32-40. Both Mr. King and Mr. Cronan were qualified and accepted by the Board as experts in their respective fields of engineering. Id. at 14, 32.
After counsel for Respondents concluded his examination of the proffered witnesses, three individuals came before the Board and testified in opposition to Respondents' application. Specifically, the opponents of the proposal were: (1) John Ennis, Esq., counsel for a neighboring restaurant; (2) Kathy MacDonald, a nearby resident; and (3) Brenda Ciccarelli, a second nearby resident.Id. at 41-45, 45-46, 46-50.
After the close of the public hearing, the Zoning Board deliberated and rendered a unanimous decision granting Respondents' requested zoning relief.[4] (Office of the Zoning Board, Decision, Dec. 9, 2009.) Therein, the Zoning Board adopted, nearly *Page 6 
verbatim, the findings of fact set forth by the Planning Commission.Compare Zoning Board, Decision, Dec. 9, 2009, with
Planning Commission, Recommendation, Aug. 4, 2009. Specifically, the Board made the following findings of fact:
 1. The property's proposed restaurant use is consistent with the Comprehensive Plan's Future Land Use Map, which calls for commercial and services in this area.
 2. The application received Preliminary Site Plan Review approval on July 15, 2009.
 3. Restaurants are an allowed use in a C-1 zone. It is necessary for applicant to obtain a [v]ariance for a drive-thru use.
 4. A drive-thru use requires a minimum lot size of 40,000 sq. ft.; the lot size is 5,263 sq. ft. short of that requirement.
 5. The proposed building conforms to, or exceeds, all minimum yard setback requirements.
 6. The proposed restaurant will require 30 parking spaces; the plan provides 35 spaces.
 7. The drive-thru ordinance requires 6 stacking spaces per window, the plan provides 10 stacking spaces.
 8. The drive-thru ordinance calls for a 5' landscape buffer strip between the parking area and sidewalk; the site plan does not provide any buffer strip along Reservoir Avenue.
 9. The application is requesting 303.75 square feet of total signage on site, where 100 sq. ft. is allowed by ordinance. This is a 203% increase over what is permitted.
 10. The application is requesting a 234 sq. ft. 2-sided pylon sign (13' x 9'), where 25' sq. ft. is permitted per the sign ordinance. The pylon sign is 836% larger than what is allowed in a C-1 zone.
 11. The proposed pylon sign height is 21' where 12' is permitted.
 12. Two, 40.625 sq. ft. wall signs are proposed, totaling 81.25 sq. ft., where 30 sq. ft. total is permitted by the sign ordinance.
 13. The audio/speaker (order) box is located 80' from the property line, where a separation of 100' is required, however, the undeveloped lot abutting the entire rear property line is owned by the applicant, and is heavily wooded. The nearest residential dwelling on Auburn Street is over 230' away from the audio/speaker. *Page 7 
 14. The proposed shaded percentage area provided (for the parking lot) is 2%, where 20% is required by the zoning ordinance. This does not include shade from over hanging trees on an abutting lot.
 15. The site plan only provides an 11% landscaped area on site, where a minimum of 15% is required by code. (Zoning Board, Decision, Dec. 9. 2009.)
The Board then concluded that Respondents satisfied their burden with respect to the request for variances to operate a drive-thru window at the proposed restaurant. See id. In so holding, the Board set forth as follows:
 "In this case, the Board finds that the application involves a hardship that is due to the unique characteristics of the property, and is not due to a physical or economic disability of the applicant, that the hardship does not result primarily from the desire of the applicant to realize greater financial gain, will not alter the general character of the surrounding area or impair the intent or purpose of the Zoning Ordinance or the comprehensive plan, is the least relief necessary. In considering the applicant[']s requested relief from Section 17.20.030 for a Drive Thru, the Board further finds that the applicant has met its additional legal burden for this variance and as such, relief is hereby granted." Id.
The Board's decision was recorded in the Cranston Land Evidence Records on December 29, 2009 and posted as required by G.L 1956 § 45-24-69(a). Although Appellants filed a complaint with the Superior Court challenging the legality and propriety of the Board's decision on January 19, 2010 — twenty-one (21) days after the decision was recorded and posted — a hearing justice of this Court determined that the complaint was timely filed by application of Rule 6 of the Superior Court Rules of Civil Procedure.[5]See Read v. *Page 8 Cranston Zoning Bd. of Review, C.A. No. PC 10-0362, at ¶ 1 (R.I. Super. Ct., May 6, 2010) (Order) (Stern, J.).
On appeal, Appellants contend that the Zoning Board's decision to grant Respondents' application for zoning relief is rendered infirm by procedural and substantive errors. Specifically, Appellants aver that the Board's failure to issue supplemental notice to abutting property owners — setting forth that consideration of Respondents' application for zoning relief had been continued at the August 12, 2009 hearing to December 9, 2009 — contravened the notice requirements set forth in G.L. 1956 § 45-24-53 and Zoning Ordinance 17.108.070. Further, Appellants contend that, even if notice was legally adequate, the Board's decision to grant zoning relief was unsupported by legally competent evidence in the record. In particular, Appellants maintain that Respondents failed to introduce the requisite evidence to satisfy each of the legal preconditions for granting use and dimensional variances.
Additional facts will be provided as necessary to the resolution of this matter.
 II STANDARD OF REVIEW
Rhode Island General Laws 1956 § 45-24-69(a) provides this Court with the specific authority to hear appeals brought by aggrieved parties from decisions of a zoning *Page 9 
board of review. When a zoning board decision is properly before this Court, the standard of review is governed by G.L. 1956 § 45-24-69(d), which provides:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In conducting its review, this Court "may `not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact.'" Curran v. Church CmtyHousing Corp., 672 A.2d 453, 454 (quoting G.L. 1956 § 45-24-69(d)). This deference allotted to a zoning decision is due, in part, to the principle that "`a zoning board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance.'"Cohen v. Duncan, 970 A.2d 550, 561 (R.I. 2009) (quotingMonforte v. Zoning Bd. of Review of E. Providence,93 R.I. 447, 449, 176 A.2d 726, 728 (1962)). *Page 10 
When reviewing a decision of a zoning board, the Court "`must examine the entire record to determine whether substantial evidence exists to support the board's findings.'" Salve Regina College v.Zoning Bd. of Review of City of Newport, 594 A.2d 878, 880 (R.I. 1991) (quoting DeStefano v. Zoning Bd. of Review of Warwick,122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)). The term "substantial evidence" has been defined as "`such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance.'" Lischio v. Zoning Bd. of Review of NorthKingstown, 818 A.2d 685, 690 n. 5 (R.I. 2003) (alteration in original) (quoting Caswell v. George ShermanSand Gravel Co., 424 A.2d 646, 647 (R.I. 1981)).
Regarding questions of law, however, this Court conducts a de novo review. Pawtucket Transfer Operations, LLC v. City ofPawtucket, 944 A.2d 855, 859 (R.I. 2008). Upon de novo review, "a zoning board's determinations of law, like those of an administrative agency, are not binding on the reviewing court; they may be reviewed to determine what the law is and its applicability to the facts." Id. (citations and internal quotations omitted).
 III LAW AND ANALYSIS A Notice
As an initial matter, Appellants contend that the Zoning Board's failure to issue supplemental notice to abutting property owners — setting forth that consideration of Respondents' application for zoning relief had been continued at the August 12, 2009 *Page 11 
hearing to December 9, 2009 — contravened the notice requirements set forth in G.L. 1956 § 45-24-53 and Zoning Ordinance § 17.108.070. Although inartfully drafted, Appellants ostensibly argue that since compliance with the notice provisions of the Zoning Ordinance is a jurisdictional prerequisite, the Board's failure to issue supplemental notice of the continued hearing deprived it of jurisdiction to adjudge the propriety of Respondents' application for zoning relief, thereby rendering the accompanying decision a nullity. To the extent Appellants make such an argument, however, the Court disagrees.
It is well settled that notice of a zoning board hearing is "purposed upon affording those having an interest an opportunity to present facts which might shed light on the issue before the board [ . . . ] and upon assisting the board to do substantial justice to an applicant while preserving the spirit of the ordinance under consideration." Carroll v. Zoning Bd of Review of the City ofProvidence, 104 R.I. 676, 679, 248 A.2d 321, 323 (1968) (citations and internal quotations omitted). As alluded to above, proper notice is a jurisdictional prerequisite to a zoning board's exercise of review, and thus, any "`action taken by a [zoning] board that has not satisfied the notice requirements is a nullity.'"Ryan v. Zoning Bd. of Review of Town of New Shoreham,656 A.2d 612, 615 (R.I. 1995) (quoting Corporation Serv., Inc. v.Zoning Bd. of Review of East Greenwich, 114 R.I. 178, 180,330 A.2d 402, 404 (1975)).
The notice requirements for a public hearing on an application for a variance are set forth in G.L. 1956 §§ 45-24-41 and 45-24-53. Section 45-24-41 provides, in pertinent parts, as follows:
 "The zoning board shall hold a public hearing on any application for variance in an expeditious manner, [ . . . ] and *Page 12 
shall give public notice at least fourteen (14) days prior to the date of the hearing in a newspaper of general circulation in the city or town. Notice of hearing shall be sent by first class mail to the applicant, and to at least all those who would require notice under § 45-24-53." G.L. 1956 § 45-24-41.
Section 45-24-53 expounds upon this notice requirement, setting forth that "[n]otice of a public hearing shall be sent by first class mail to [ . . . ] [anyone] located in or within not less than two hundred feet (200') of the boundary of the area proposed for change." G.L. 1956 § 45-24-53. The Cranston City Council saw fit to expand the direct notice requirement, enacting Zoning Ordinance § 17.108.070, which provides that "written notice of the time and place of such public hearing and the nature and purpose thereof, [ . . . ] [shall be sent] to all owners of any real property within four hundred (400) feet of the perimeter of the real property which is the subject matter of the petition." Zoning Ordinance § 17.10.070.
Upon due consideration of the aforementioned statutory and ordinance provisions, however, the Court is unable to locate — nor have Appellants identified — any language to suggest that interested parties must be served with supplemental notice of a continued hearing. Mindful of the well settled principle that a reviewing court "`shall not interpret a statute to include a matter omitted unless the clear purpose of the legislation would fail without the implication,'" the Court declines to find that such supplemental notice is required when the clear and unambiguous language of the relevant provisions do not provide for the same. SeeMosby v. Devine, 851 A.2d 1031, 1066 (2004) (quotingState v. Feng, 421 A.2d 1258, 1264 (R.I. 1980)).
Additionally, the Court observes that our Supreme Court — in the matter of Tramonti v. Zoning Bd. of Review of City ofCranston — previously concluded that *Page 13 
supplemental notice of a continued hearing need not be issued if the requisite formalities were observed with respect to the first hearing and the matter was continued to a time certain.See 93 R.I. 131, 135, 172 A.2d 93, 95 (1961). In that case, an application for zoning relief was presented to the zoning board of review, and the board issued the requisite publication and written notice setting forth that the matter would be heard on November 22, 1960. Id. at 132-33, 93-94. However, at the specified hearing date, the board did not have the necessary quorum. Consequently, the board continued the matter to November 29, 1960, and, in the interim, did not issue supplemental notice.Id. at 133, 94. The board reconvened on November 29, 1960 and, with the requisite quorum present, proceeded to adjudge the merits of application and grant the requested relief. Id. When the matter came before our Supreme Court on appeal, the opponents of the application for zoning relief argued that the board was without jurisdiction to hold the hearing on November 29, 1960 by virtue of the fact that it failed to comply with the public notice requirements with respect to the subsequent hearing. Id.
at 135, 95. Upon consideration, however, our Supreme Court concluded that "[t]his contention is wholly without merit." Id. In so holding, our Supreme Court opined that "[i]t is too well settled to require any discussion that a body less than a quorum, having jurisdiction as to time, may adjourn to a time certain."Id. While mindful that much time has passed since our Supreme Court announced the above holding in Tramonti, this Court is unable to locate any subsequent legislative enactments or case law that would call into question its propriety.
In matter sub judice, it is undisputed that the Zoning Board complied with the requisite advertisement and notice requirements with respect to the first hearing on *Page 14 
Respondents' application for zoning relief. Therein, the Board informed all interested parties that Respondents' application would be considered at the August 12, 2009 hearing. (Notice of Public Hearing Under Zoning Ordinance.) At this specified public hearing, however, the Board — upon request from Respondents' counsel — unanimously voted to continue the hearing on the application. (Zoning Board Hr'g Tr., Aug. 12, 2009, at 2.) In so doing, the Board set forth on the record that the matter would be revisited at the December 9, 2009 hearing. Thus, with this announcement, the Board ensured that all interested parties who heeded the initial notice and appeared before the Board to address Respondents' application were apprised of the subsequent hearing date. Seeid. Thereafter, the Board posted a docket of proceedings — in accordance with the requirements of the Open Meetings Act, G.L. 1956 42-46-1 et seq. — specifying that Respondents' zoning relief application would be considered at the December 9, 2009 hearing. (Zoning Board Docket, Dec. 9, 2009.)
Upon due consideration of the above course of proceedings, the Court is satisfied that the Board wholly complied with the applicable notice provisions codified in G.L. §§ 1956 45-24-41 and45-24-53 as well as Zoning Ordinance § 17.10.070. Contrary to Appellants' argument, the Board was under no obligation to issue supplemental written notice of the continued hearing date.[6]
Accordingly, to the extent Appellants challenge the legal sufficiency of the notice of the December 9, 2009 hearing, the Court concludes that it is entirely without merit. *Page 15 
 B Adequacy of the Zoning Board's Decision
Appellants next contend that the Zoning Board's decision to grant Respondents' application for zoning relief was unsupported by legally competent evidence in the record. In particular, Appellants maintain that Respondents failed to introduce the requisite evidence to satisfy each of the legal preconditions for granting use and dimensional variances. Finding the Board's decision wholly devoid of the requisite findings of fact and conclusions of law, the Court is unable to consider the merits of Appellants' contention.
The General Assembly has mandated that "[t]he zoning board of review shall include in its decision all findings of fact [ . . . ]." G.L. 1956 § 45-24-61(a). In effectuating this mandate, our Supreme Court "has long held that `a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review.'" Von Bernuth v. Zoning Bd. of Review of NewShoreham, 770 A.2d 396, 401 (R.I. 2001) (quoting Cranston PrintWorks Co. v. City of Cranston, 684 A.2d 689, 691 (R.I. 1996)).
In reviewing a decision of a zoning board, this Court "`must decide whether the board members resolved the evidentiary conflicts, made the prerequisite factual determinations, and applied the proper legal principles.'" Id. (quoting Irish Partnership v.Rommel, 518 A.2d 356, 358-59 (R.I. 1986)). Further, the board's findings "`must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany.'" Id. "`These are minimal requirements[ ] [and] [u]nless they are satisfied, a judicial review of a board's work is *Page 16 
impossible.'" Id. It is well settled that "`[w]hen the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances.'" Id.
Our Supreme Court has previously cautioned zoning boards and their attorneys to "make certain that zoning board decisions on variance applications (whether use or dimensional) address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting such relief, as set forth in § 45-24-41(c) and (d)." Sciacca v. Caruso,769 A.2d 578, 585 (R.I. 2001) (alteration in original). The Court has opined that such a specification of evidence in the decision would greatly aid the Superior Court in undertaking any requested review of zoning board decisions. See id.
In the matter sub judice, the Zoning Board's decision amounts to no more than a mere recital of some of the statutory requirements for granting a variance. Specifically, this decision provides, in pertinent part, as follows:
 "In this case, the Board finds that the application involves a hardship that is due to the unique characteristics of the property, and is not due to a physical or economic disability of the applicant, that the hardship does not result primarily from the desire of the applicant to realize greater financial gain, will not alter the general character of the surrounding area or impair the intent or purpose of the Zoning Ordinance or comprehensive plan, is the least relief necessary. In considering the applicant[']s requested relief from Section 17.20.030 for a Drive Thru, the Board further finds that the applicant has met its additional legal burden for this variance and as such, relief is hereby granted." (Zoning Board, Decision, Dec. 9. 2009.)
Upon review, it is readily apparent that the Board's decision is purely conclusional and wholly devoid of any factual findings to corroborate the same. Moreover, the decision *Page 17 
fails to make any of the requisite findings regarding whether Respondents satisfied their burden of showing that all beneficial use of the property would be lost if they were required to conform to the literal requirements of the Zoning Ordinance. See
G.L. 1956 § 45-24-41(d). Consequently, the Board's decision is not susceptible to judicial review. Indeed, as noted above, "`[w]hen the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances.'" Von Bernuth, 770 A.2d at 401 (quotingIrish Partnership, 518 A.2d at 359). Accordingly, the Court remands this matter to the Zoning Board to make the requisite findings of fact and conclusion of law.
 CONCLUSION
For the reasons set forth herein, the Court finds that the Zoning Board complied with the statutory notice requirements in connection with this matter. However, the Court concludes that the Board's decision to grant Respondents' application for zoning relief is wholly devoid of the requisite findings of fact and conclusions of law. In particular, the Board's decision fails to make the necessary findings as to whether Respondents satisfied their burden of showing that all beneficial use of the property would be lost if they were required to conform to the literal requirements of the Zoning Ordinance. Accordingly, the Court hereby remands this matter to the Board so that it may make further findings of fact and conclusions of law. Counsel shall submit an appropriate order consistent with this Decision.
[1] The Zoning Ordinance classifies an establishment with drive-thru capability as a "[d]rive-in use," defined as:
 "[A]ny establishment which by design, physical facilities, service or by packaging procedures encourages or permits customers to receive services, obtain goods or be entertained while remaining in their motor vehicles. Such establishments shall include but not be limited to restaurants, banks, convenience stores with drive-in facilities, car washes and any other similar automobile oriented business." See Zoning Ordinance § 17.28.10, § 17.04.030.
[2] Although Respondents requested additional zoning relief in connection with the proposed restaurant, the issues raised by Appellants in the appeal sub judice pertain to Respondents' request for variances to operate a drive-thru window. Accordingly, the Court will confine its review to those facts pertinent to the same.
[3] The Rhode Island Zoning Enabling Act confirms the propriety of this course of action. Specially, G.L. 1956 § 45-24-41 provides, in pertinent part, as follows:
 "A zoning ordinance provides that the zoning board of review, immediately upon receipt of an application for a variance in the application of the literal terms of the zoning ordinance, may request that the planning board or commission and/or staff report its findings and recommendations, including a statement on the general consistency of the application with the goals and purposes of the comprehensive plan of the city or town, in writing, to the zoning board of review [ . . . ]."
[4] While not material to the instant appeal, the Board conditioned approval of the application for relief on the following specifications and requirements: "(1) Remove tree from bus shelter area[;] (2) Deflect [p]arking [l]ot lighting away from neighborhood as [d]etailed on Page E-1 of the Plan Submission[;] and (3) Install a NO LEFT TURN sign at the egress onto Auburn Street." See
Zoning Board, Decision, Dec. 9, 2009.
[5] Although G.L. 1956 § 45-24-69(a) specifies that "[a]n aggrieved party may appeal a decision of the zoning board of review to the superior court [ . . . ] by filing a complaint stating the reasons of appeal within twenty (20) days after the decision hasbeen recorded and posted [ . . . ]," Rule 6 of the Superior Court Rules of Civil Procedure provides that "[t]he last day of the[limitation] period is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday, nor a holiday." See G.L. 1956 § 45-24-69(a) (emphasis added); Super. R. Civ P. 6(a) (emphasis added).
In the instant matter, the twentieth day of the limitation period fell on Monday, January 18, 2010, which the Court observes was Martin Luther King, Jr. Day. General Laws § 25-1-1 provides, in pertinent part, that "the third Monday of January (as Dr. Martin Luther King, Jr.'s Birthday)" is a holiday and day of special observance in Rhode Island. See G.L. 1956 § 25-1-1. Consequently, by operation of Rule 6, the limitation period was extended to the next day "which [was] neither a Saturday, Sunday, nor a holiday." See Super. R. Civ P. 6(a). In this case, the next applicable date was Tuesday, January 19, 2010, on which Appellants filed the instant appeal.
[6] This conclusion is further bolstered by the fact that the Board publicly announced at the August 12, 2009 hearing that the matter would be revisited on December 9, 2009.
 *Page 1